A97A1406. BOGGS v. BOSLEY MEDICAL INSTITUTE, INC. et al.
(492 SE2d 264)

BLACKBURN, Judge.

James Boggs appeals the trial court's grant of summary judgment to Bosley Medical Institute, Inc. (Bosley) and David Phillips, M.D., on Boggs' claims for fraud and medical malpractice, contending that the trial court erroneously held such claims to be barred by the statute of limitation. For the reasons discussed below, we reverse the grant of summary judgment with respect to the fraud claim, but affirm the grant of summary judgment with respect to the medical malpractice claim.

Bosley operates medical offices throughout the United States specializing in hair restoration and hair transplant services. In or around February 1989, Boggs contacted Bosley regarding treatment for his hair loss problem. Boggs claims that, during his initial consultation, it was represented that only two surgical treatments would be required to correct his problem. However, after the two surgical procedures on February 21, 1989, and July 17, 1989, Boggs claims that his scalp was badly scarred and his hair density was not as promised. Boggs returned to Bosley and claims he was told that one more surgical "touch-up" procedure was required. Following surgery on April 25, 1990, however, he still had not achieved the promised results. Between June 18, 1990, and November 11, 1993, five more surgical procedures were performed by Bosley physicians. Boggs claims that, prior to each such surgery, he was informed that only one more treatment was required to correct the problem.

On March 14, 1994, Boggs consulted Dr. Marc Pomerantz, a hair replacement surgeon and former associate medical director for Bosley. Pomerantz informed Boggs that it was Bosley's standard practice to intentionally underestimate the number and the cost of treatments required to correct prospective patients' hair loss problems, knowing that additional treatments would be required.

On February 23, 1996, Boggs sued Bosley for fraud, claiming that it had intentionally misrepresented the number of procedures required to correct his hair loss problem. He also asserted a malpractice claim against Bosley and Phillips, the physician who performed one of his surgical procedures, alleging that such procedure was negligently performed. Bosley and Phillips moved for summary judgment, contending primarily that Boggs' claims were barred by the two-year medical malpractice statute of limitation. The trial court granted summary judgment to both defendants, and Boggs appeals from that ruling.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal of a grant of summary judgment, this Court reviews the evidence de novo to determine whether a genuine issue of material fact exists or whether the movant is entitled to judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

1. (a) Boggs contends that the four-year statute of limitation for fraud, rather than the two-year statute of limitation for medical malpractice claims, is applicable to his fraud claim. We agree.

OCGA § 9-3-71 (a) states that, "[e]xcept as otherwise provided in

this article, an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." The term "action for medical malpractice" includes "any claim for damages resulting from the death of or injury to any person arising out of . . . [h]ealth, medical, dental, or surgical service, diagnosis, prescription, treatment, or care rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of the lawfully authorized person." OCGA § 9-3-70.

Boggs' fraud claim states a cause of action separate and distinct from any claim of medical malpractice. Boggs does not contend that Bosley negligently misdiagnosed his condition. Rather, he contends that Bosley, as part of its standard procedure and without regard to its medical opinion, intentionally and repeatedly understated the number of treatments required in order to induce Boggs to undergo a series of costly treatments. Boggs argues that this constitutes ordinary fraud and is therefore not subject to the medical malpractice statute of limitation.

"Not every claim which calls into question the conduct of one who happens to be a [professional] is a professional malpractice claim requiring expert testimony or an OCGA § 9-11-9.1 affidavit. It is only where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession that the necessity to establish such standards and the violation thereof by expert testimony for the guidance of the jury arises." *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66) (1994). Although a physician does indeed have a duty not to defraud his patient by intentionally misrepresenting the number of required treatments, such duty does not arise by virtue of the physician's specialized expertise or his status as a professional. " 'Thou shall not defraud,' is a proposition that is understood by even the most uneducated layman. Indeed, what professional could deny its propriety? It follows therefore that no expert testimony is required to establish that it is improper for [physicians] to defraud their clients. It is improper for *any person* to defraud another as that is a standard of society, from which no one is excepted." (Emphasis in original.) Id. at 509.

Accordingly, since Boggs' fraud claim does not arise out of the violation of a standard of care peculiar to a professional, it does not constitute a medical malpractice claim and is not subject to the two-year medical malpractice statute of limitation.

(b) Boggs also argues that the statute of limitation on the fraud claim was tolled by Bosley's fraud and did not begin running until March 14, 1994, when he consulted with Dr. Pomerantz and was advised that it was Bosley's standard practice to underestimate the

amount of treatment required for prospective patients. For the reasons discussed below, there is a jury question as to whether or not the statute of limitation was tolled by defendant's conduct.

"[I]f the defendant is guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud. . . . The confidential relationship between doctor and patient creates a duty to inform the patient of his or her condition. Failure to fulfill this duty would constitute fraud, which would toll the statute of limitation." (Punctuation omitted.) *Hendrix v. Schrecengost*, 183 Ga. App. 201, 202 (1) (358 SE2d 486) (1987).

In a recent legal malpractice case, this Court held that a law firm's continued relationship with its former client, while assuring the client that he had no exposure to liability as a result of the firm's actions, was sufficient to authorize a finding that the statute of limitation was tolled. *Frame v. Hunter, Maclean, Exley &c., P.C.*, 227 Ga. App. 169 (488 SE2d 713) (1997). See also *Bynum v. Gregory*, 215 Ga. App. 431, 433-434 (450 SE2d 840) (1994).

There is evidence from which the jury could conclude that the statute of limitation was tolled. According to Boggs' allegations, Bosley did more than merely continue to treat Boggs — it affirmatively and repeatedly misrepresented his condition in order to induce him to continue treatment and to conceal its prior misrepresentations. Under these circumstances, there is a jury question as to whether the statute of limitation was tolled by Bosley's continuing fraud. Accordingly, the trial court erred in granting Bosley's motion for summary judgment on the fraud claim based on expiration of the statute of limitation.

(c) Bosley also contends that it was entitled to summary judgment on the fraud claim because, prior to each surgical procedure, Boggs signed a form acknowledging that "no guarantee or promise regarding the eventual appearance or permanence of results has been made" and that "no guarantee or assurance of results has been made by anyone regarding the operation which I have herein requested and authorized." Bosley contends that Boggs thus could not have reasonably relied on Bosley's representations.

This argument is without merit with respect to Boggs' fraud claim, as the acknowledgments in the forms relate to the appearance or permanence of results of the particular operations, and not to Bosley's representations regarding the number and cost of expected procedures. Accordingly, such acknowledgments do not preclude Boggs from asserting a fraud claim based upon Bosley's alleged intentional misrepresentations regarding such matters.

2. In addition to his fraud claim, Boggs asserted a medical malpractice claim against Bosley and Phillips, alleging that a surgical

procedure on June 15, 1993, was negligently performed, resulting in complications including a hematoma on Boggs' scalp. Boggs claims that he was required to undergo surgery by another Bosley physician on November 11, 1993, in an attempt to correct this problem.

The statute of limitation in a medical malpractice case generally begins running on the date of injury. OCGA § 9-3-71 (a). It is undisputed that notwithstanding any conduct by Bosley or its agents, Boggs' injuries from such procedure manifested themselves no later than November 11, 1993, when he underwent a subsequent procedure to correct the hematoma caused by the previous surgery. Boggs did not file suit until February 23, 1996, well outside the statute of limitation. Accordingly, the trial court did not err in granting defendants' motion for summary judgment on this claim.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 11, 1997 —
RECONSIDERATION DENIED SEPTEMBER 29, 1997 — ▮▮▮▮▮▮▮

*Salter & Richards, Katharyne C. Johnson,* for appellant.
*Sullivan, Hall, Booth & Smith, Rush S. Smith, Jr., Kevin P. Race,* for appellees.