A03A1516, A03A2075. SMITH et al. v. MORRIS, MANNING & MARTIN, LLP et al.; and vice versa.

(589 SE2d 840)

RUFFIN, Presiding Judge.

David Smith and various other entities (collectively, "Smith") sued Morris, Manning & Martin, LLP and several attorneys (collectively, "the law firm") for legal malpractice, slander, libel, tortious interference, breach of fiduciary duty, and breach of contract. The trial court subsequently dismissed the complaint for failure to comply with the expert affidavit requirement in OCGA § 9-11-9.1. In *Smith v. Morris, Manning & Martin, LLP*,[1] we affirmed the dismissal of Smith's malpractice claims, but reversed as to the other claims after assuming, without deciding, that those claims alleged something other than professional negligence.[2]

Following remand, Smith amended his complaint to assert claims for intentional breach of contract, intentional breach of fiduciary duty, and fraud. He also dismissed his slander, libel, and tortious interference claims. The law firm moved for judgment on the pleadings, asserting that the remaining claims sound in professional negligence and, consequently, are barred by Smith's failure to comply with OCGA § 9-11-9.1. The law firm also argued that Smith could not validly amend the original complaint. Although the trial court found that Smith properly amended his complaint, it granted the law firm's motion for judgment on the pleadings.

In Case No. A03A1516, Smith appeals the trial court's entry of judgment on the pleadings. The law firm cross-appeals in Case No. A03A2075, arguing that the trial court erred in finding that Smith validly amended his complaint. For reasons that follow, we affirm the ruling in Case No. A03A2075, but reverse the judgment in Case No. A03A1516.

## Case No. A03A2075[3]

The lengthy procedural history of this litigation is fully detailed in our prior opinion.[4] Briefly stated, the record shows that Smith couched his original complaint, which was filed July 14, 2000, in terms of legal malpractice. Smith amended that complaint on September 14, 2000, adding claims for slander, libel, tortious interference, breach of fiduciary duty, breach of contract, and punitive damages. Following a second amendment filed after remand from this

---

[1] 254 Ga. App. 355, 359 (3) (562 SE2d 725) (2002).

[2] See id. at 359 (4).

[3] For ease of discussion, we will address the cross-appeals in reverse order.

[4] See id. at 355-356.

Court, his allegations focus solely on intentional breach of contract, intentional breach of fiduciary duty, and fraud. The fraud count also includes a claim for punitive damages.

In conjunction with its motion for judgment on the pleadings, the law firm argued that Smith's effort to amend his complaint by adding claims was ineffective. According to the law firm, because Smith initially failed to satisfy OCGA § 9-11-9.1, his original complaint was void from its inception and, therefore, not subject to amendment.[5] We disagree.

Under OCGA § 9-11-15 (a), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." This provision undoubtedly applies to cases alleging professional negligence. In fact, the legislature has specified that a claimant who files a defective affidavit under OCGA § 9-11-9.1 "may cure the alleged defect by amendment pursuant to Code Section 9-11-15."[6] And, as we have found, a claimant may employ OCGA § 9-11-15 to add to the complaint language required by OCGA § 9-11-9.1 (b).[7] Construing a former version of OCGA § 9-11-9.1, we noted that the statute

> prohibit[s] the amendment to a complaint to add an affidavit of an expert, except under certain limited circumstances. The statute does *not* prohibit other amendments of the body of the pleadings in the complaint and, therefore, should be liberally construed in pari materia with OCGA § 9-11-15 with regard to any other amendments to the pleadings.[8]

Although the legislature revised the statute in 1997, the current version still does not prohibit amendments to the pleadings in the complaint.[9]

We recognize that, in *Grier-Baxter v. Sibley*,[10] we concluded that the claimant's failure to comply with OCGA § 9-11-9.1 rendered her action void, precluding renewal under OCGA § 9-2-61. That case, however, involved the interplay between Georgia's *renewal* statute

---

[5] See *El Chico Restaurants v. Transp. Ins. Co.*, 235 Ga. App. 427, 430 (2) (509 SE2d 681) (1998) ("a void suit cannot be amended"), aff'd, *Transp. Ins. Co. v. El Chico Restaurants*, 271 Ga. 774 (524 SE2d 486) (1999).

[6] OCGA § 9-11-9.1 (d).

[7] See *Sullivan v. Fredericks*, 251 Ga. App. 790, 791 (554 SE2d 809) (2001); *Glisson v. Hosp. Auth. of Valdosta &c.*, 224 Ga. App. 649, 654-655 (1) (481 SE2d 612) (1997).

[8] *Glisson*, supra at 654.

[9] See OCGA § 9-11-9.1; Ga. L. 1997, pp. 916-919. We recently determined, however, that under the revised statute, a claimant may not cure the failure to file an expert affidavit through amendment. See *Fales v. Jacobs*, 263 Ga. App. 461-462 (588 SE2d 294) (2003).

[10] 247 Ga. App. 560, 562 (2) (545 SE2d 5) (2001).

and OCGA § 9-11-9.1.[11] It did not address amendments under OCGA § 9-11-15. Furthermore, OCGA § 9-11-9.1 specifically permits renewal if the trial court determines that the claimant obtained the requisite expert affidavit within the necessary time, but mistakenly failed to file it.[12] Finally, noncompliance with the affidavit requirement does not result in an automatic dismissal of the complaint; the complaint is simply "subject to dismissal for failure to state a claim."[13] Despite *Grier-Baxter*'s use of the term "void," therefore, professional negligence actions that fail to comply with OCGA § 9-11-9.1 are not void at their inception.

Smith amended his complaint twice in an effort to add claims sounding in something other than professional negligence. Nothing in OCGA § 9-11-9.1 or § 9-11-15 prohibits such amendment. Accordingly, the trial court properly ruled these amendments valid.[14]

## Case No. A03A1516

After approving the amendments, the trial court determined that Smith's failure to file an expert affidavit under OCGA § 9-11-9.1 demanded judgment on the pleadings for the law firm. In making this determination, the trial court found Smith's breach of contract and breach of fiduciary duty claims "strikingly similar" to the previously dismissed professional negligence claims. It also concluded that Smith's fraud claim is, in essence, a claim for punitive damages, which cannot stand following dismissal of the substantive claims. In reviewing the trial court's ruling, "we treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false."[15] If the pleadings and exhibits incorporated into the pleadings show "a complete failure by the plaintiff to state a cause of action, then the defendant is entitled to judgment as a matter of law."[16]

Smith's complaint, as amended, asserts that the law firm *intentionally* breached a contract, *intentionally* breached a fiduciary duty,

---

[11] See id.; see also OCGA § 9-11-9.1 (e) (addressing use of the renewal statute in professional negligence cases).

[12] See id.

[13] OCGA § 9-11-9.1 (b); see also *Labovitz v. Hopkinson*, 271 Ga. 330, 332-333 (2) (519 SE2d 672) (1999) (construing former version of OCGA § 9-11-9.1 (b)).

[14] See *Glisson*, supra; see also *Porquez v. Washington*, 268 Ga. 649, 652 (1) (492 SE2d 665) (1997) ("Because OCGA § 9-11-9.1 constitutes an exception to the general liberality of pleading allowed under the Civil Practice Act, it is to be construed in a manner consistent with the liberality of the Act so long as such a construction does not detract from the purpose of § 9-11-9.1, which is to reduce the filing of frivolous malpractice suits.").

[15] *Printis v. Bankers Life Ins. Co.*, 256 Ga. App. 266 (568 SE2d 85) (2002), aff'd, 276 Ga. 697 (583 SE2d 22) (2003).

[16] Id.

and defrauded him. Notwithstanding any similarities between these claims and Smith's prior professional negligence claims, the fact remains that they allege intentional wrongdoing. And, under Georgia law, the affidavit requirement in OCGA § 9-11-9.1 "is applicable only to those professional malpractice actions alleging professional negligence."[17] Claims based on a professional's alleged intentional conduct do not require an expert affidavit.[18]

On appeal, the law firm argues that Smith has simply relabeled his professional negligence claims to avoid OCGA § 9-11-9.1. Smith's claims, however, no longer depend upon an alleged breach of the standard of professional care. He alleges that the law firm's intentional misconduct caused him injury. Although he need not file an expert affidavit, he must prove that the law firm acted intentionally, rather than negligently.[19]

Construing the amended complaint favorably to Smith, we find that his breach of contract, breach of fiduciary duty, and fraud claims are grounded in intentional conduct.[20] The trial court erred in concluding that those claims must be accompanied by an expert affidavit. And given Smith's fraud and breach of fiduciary duty allegations, the trial court also erred in finding that he could not state a claim for punitive damages.[21] Accordingly, we reverse.

*Judgment reversed in Case No. A03A1516. Judgment affirmed in Case No. A03A2075. Smith, C. J., and Miller, J., concur specially.*

SMITH, Chief Judge, concurring specially.

I concur with the result reached by the majority opinion. I write separately to note my sympathy with the appellees' contentions that appellants simply "recycled" their allegations by labeling them as intentional acts. After reviewing the original complaint and its amendments, in my opinion, the trial court may have had a sound basis for concluding that the newest allegations were either "virtually identical" or at least "substantially similar" to the professional malpractice claims previously dismissed. Nevertheless, like the

---

[17] *Labovitz*, supra at 334 (3).

[18] See id. at 337.

[19] See id.

[20] See id.; *Tante v. Herring*, 264 Ga. 694, 695 (2) (453 SE2d 686) (1994) (no expert affidavit needed where breach of fiduciary duty claim is not based on negligence involving attorney's performance of legal services); *Boggs v. Bosley Med. Institute*, 228 Ga. App. 598, 600 (1) (a) (492 SE2d 264) (1997) (fraud claim does not sound in professional negligence).

[21] See OCGA § 51-12-5.1 (b) (punitive damages may be awarded in tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences"); *Home Ins. Co. v. Wynn*, 229 Ga. App. 220, 223 (2) (493 SE2d 622) (1997) (" 'A breach of fiduciary duties is sufficient to support an award of punitive damages.' ").

majority, I cannot agree that the trial court correctly granted appellees' motion to dismiss. In *Labovitz v. Hopkinson*, 271 Ga. 330 (519 SE2d 672) (1999), the Supreme Court of Georgia explicitly stated that "claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit." Id. at 336-337. According to *Labovitz*, this construction of OCGA § 9-11-9.1 does not foster "an 'end-run' around the expert affidavit requirement." Id. at 337. After several years of litigation, appellants managed to allege intentional acts of wrongdoing. Under *Labovitz*, an expert affidavit was not required, and dismissal was improper.

I am authorized to state that Judge Miller joins in this special concurrence.

DECIDED NOVEMBER 6, 2003 ▮▮▮▮▮▮▮▮▮▮

*Graydon W. Florence, Jr.*, for appellants.
*Seyfarth Shaw, John A. Sherrill, Stephen M. Parham*, for appellees.