## A06A0555. SHULER v. HICKS, MASSEY & GARDNER, LLP et al.
(634 SE2d 786)

BERNES, Judge.

Appellant Russell B. Shuler brought this legal malpractice action against his former lawyer and law firm for legal malpractice, but failed to attach an expert affidavit to his complaint. After appellees moved to dismiss pursuant to OCGA § 9-11-9.1, Shuler amended his complaint, omitting the claim for professional negligence and adding a claim of fraud. The trial court dismissed Shuler's complaint, and it is from that dismissal that Shuler appeals. For the reasons that follow, we reverse the dismissal of Shuler's complaint and remand for additional findings by the trial court.

Appellees William E. Hicks and his law firm Hicks, Massey & Gardner, LLP, represented Shuler in a divorce proceeding that resulted in the signing of a settlement agreement between Shuler and his former spouse. On March 24, 2005, Shuler filed a complaint against appellees seeking damages for professional malpractice and breach of fiduciary duty stemming from their representation of him throughout the divorce proceeding. Specifically, Shuler contends that he signed a settlement agreement on the day of trial that unknowingly precluded him from pursuing equitable claims against his former wife for improvements he made to her property prior to the marriage.

Shuler did not file contemporaneously with his complaint the expert affidavit required by OCGA § 9-11-9.1 for claims alleging professional malpractice.[1] Appellees moved to dismiss and, after the expiration of the relevant statute of limitation, Shuler amended the complaint, omitting his claim for professional malpractice, retaining his claim for breach of fiduciary duty, and adding a claim for fraud.

The trial court dismissed Shuler's complaint, reasoning that (1) the recent amendments to OCGA § 9-11-9.1 rendered the original complaint a nullity after Shuler failed to comply with the affidavit requirements; (2) the amended complaint that had been filed outside of the statute of limitation was therefore without effect; and (3) the claims for breach of fiduciary duty and fraud could not survive because they set forth the same factual allegations as Shuler's claim for legal malpractice and were thus nothing more than "an attempt to avoid the failure to comply with the requirements of OCGA § 9-11-9.1."

---

[1] Shuler attempted to invoke the statutory 45-day extension of time formerly set forth in OCGA § 9-11-9.1 (b) by asserting that the complaint was filed within ten days of the expiration of the statute of limitation. As discussed, infra, the Georgia legislature had amended that statute, effective February 16, 2005, to eliminate the grace period that Shuler sought to invoke. Nonetheless, Shuler never filed an expert affidavit.

1. The relevant sections of OCGA § 9-11-9.1 (2005) are as follows:

(a) In any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

(b) If a plaintiff files an affidavit which is allegedly defective, . . . the plaintiff's complaint is subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of [a motion to dismiss]. The trial court may, in the exercise of its discretion, extend the time for filing said amendment . . . as it shall determine justice requires.

(c) If a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake.

(a) We cannot agree with the trial court that Shuler's original complaint was a nullity or that the amended complaint was resultantly void. This case is governed by the Supreme Court of Georgia's holding in *Labovitz v. Hopkinson*, 271 Ga. 330, 332-333 (2) (519 SE2d 672) (1999).[2] The *Labovitz* Court held that the failure to file an expert affidavit within the time confines set forth in OCGA § 9-11-9.1 does not result in an automatic adjudication on the merits or preclude a plaintiff from amending the complaint after the expiration of the

---

[2] *Labovitz* was analyzed under the 1989 version of OCGA § 9-11-9.1, which contained the 45-day grace period that Shuler attempted to invoke in this case. The fact that the legislature eliminated the 45-day grace period in its entirety does not alter the holding in *Labovitz*. The application of the grace period governed only the addition of an otherwise omitted expert affidavit, and did not have any impact on a plaintiff's ability to otherwise amend the complaint pursuant to OCGA § 9-11-15. *Smith v. Morris, Manning & Martin, LLP*, 264 Ga. App. 24, 25-26 (589 SE2d 840) (2003). See discussion, infra.

relevant statute of limitation. Id. That case involved a claim for legal malpractice wherein the plaintiff alleged that her divorce attorney negligently failed to advise her of information that she asserted was critical to her case and recommended that she accept an unfair settlement. The plaintiff failed to file an expert affidavit, instead amending her complaint to allege intentional wrongdoing after the expiration of both the then-existent 45-day extension and the relevant statute of limitation.

The Court held that the plaintiff's original complaint did not stand automatically dismissed and that the amended complaint was valid. In so doing, the Court noted that OCGA § 9-11-9.1 "lack[ed] [the] statutory language mandating automatic dismissal." *Labovitz*, 271 Ga. at 333 (2). The Court distinguished other statutes that exhibit a clear intent by the legislature that a termination results by operation of law. Id. at 332-333 (2). See, e.g., OCGA § 9-2-60 (b) ("Any action . . . in which no written order is taken for a period of five years *shall automatically stand dismissed. . . .*") (emphasis supplied); OCGA § 17-7-170 (b) (a person not tried for a crime within a specified period of time of the filing of a demand for speedy trial "*shall be absolutely discharged and acquitted . . .*") (emphasis supplied). Accordingly, the Court concluded that the failure to file an expert affidavit renders a plaintiff's complaint subject to dismissal for failure to state a claim rather than void from its inception.

Since Shuler's original complaint was not void from its inception, his subsequent amendment to the same was authorized by law. Although the failure to file an expert affidavit cannot be cured by amendment, OCGA § 9-11-9.1 does not otherwise eliminate a plaintiff's right to amend the complaint as a matter of right anytime prior to the entry of a pretrial order. *Smith v. Morris, Manning & Martin, LLP*, 264 Ga. App. 24, 25 (589 SE2d 840) (2003).[3] "The statute does *not* prohibit other amendments of the body of the pleadings in the complaint and, therefore, should be liberally construed in pari materia with OCGA § 9-11-15 with regard to any other amendments to the pleadings." (Footnote omitted; emphasis in original.) Id.

(b) After having determined that Shuler's amended complaint is not a nullity, we are constrained to reverse the trial court's dismissal of his amended complaint. On review, "we treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false." *McKenna Long & Aldridge, LLP v. Keller*, 267 Ga. App. 171, 172 (1) (598 SE2d 892) (2004). Only if the pleadings and exhibits incorporated into the pleadings show "a complete failure by the

---

[3] *Smith* was analyzed under the 1997 version of the statute, but the 2005 amendment did not alter its holding.

plaintiff to state a cause of action, then the defendant is entitled to judgment as a matter of law." (Citations omitted.) Id.

The *Labovitz* Court expressly held that "claims grounded on a professional's *intentional* acts which allegedly resulted in injury to one with whom the professional had a professional relationship are not required to be accompanied by an expert affidavit." (Emphasis in original.) *Labovitz*, 271 Ga. at 336-337 (3). The Court based its interpretation on the requirement by the Georgia legislature that an expert affidavit "set forth specifically at least one *negligent* act or omission claimed to exist." (Emphasis supplied.) OCGA § 9-11-9.1 (a) (2005);[4] *Labovitz*, 271 Ga. at 336-337. Despite *Labovitz* and its progeny, the legislature declined in its recent amendment to modify the limiting language upon which the Supreme Court relied so as to expand the breadth of its application, and we will not divert from this precedent.

Shuler's fraud claim is grounded in intentional conduct and therefore it did not need to be accompanied by an expert affidavit. See *Boggs v. Bosley Med. Institute*, 228 Ga. App. 598, 600 (1) (a) (492 SE2d 264) (1997); *Crawford v. Johnson*, 227 Ga. App. 548, 552 (2) (b) (489 SE2d 552) (1997); *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508-509 (451 SE2d 66) (1994). See also *Stiefel v. Schick*, 260 Ga. 638, 639 (1) (398 SE2d 194) (1990) (setting forth the elements of fraud). Likewise, we must reverse the trial court's dismissal of Shuler's claim for breach of fiduciary duty, which he alleges resulted because Hicks "purposely withheld the existence of the March 22, 2001 letter [from opposing counsel] and the Amended Complaint." See *Smith*, 264 Ga. App. at 27.

We also cannot agree with the trial court that Shuler's claims are barred because they arise from the same factual allegations as his original claim for professional negligence.[5] This Court has previously held that such factual similarities are immaterial. See *Smith*, 264 Ga. App. at 27. "Notwithstanding any similarities between these claims and [Shuler's] prior professional negligence claims, the fact remains that they allege intentional wrongdoing." Id.

2. Hicks contends that Shuler's claims stemming from his alleged loss of a right of action in equity against his ex-wife should be dismissed because the statute of limitation had expired with respect to that equitable action prior to his retention of appellees. While Hicks had made this argument below, the trial court did not reach it

---

[4] This language has remained consistent since the statute was enacted in 1987. See OCGA § 9-11-9.1 (a) (2005), (1997), (1989), (1987).

[5] We nevertheless note that we are sympathetic to appellees' contention that our ruling may permit litigants to simply "camouflage" their allegations by labeling them intentional acts. See *Smith*, 264 Ga. App. at 27 (Smith, C. J., concurring specially).

because it dismissed Shuler's complaint under OCGA § 9-11-9.1. Having reversed the dismissal of Shuler's amended complaint, the question of whether his equitable action was viable at the time that he hired appellees is directly relevant to his claims for damages against Hicks. We cannot reach that issue, however, because it was not addressed by the trial court and the record on that point is not sufficiently developed. "[T]his court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it." (Citation and punctuation omitted.) *Municipal Elec. Auth. of Ga. v. Gold-Arrow Farms*, 276 Ga. App. 862, 870 (3) (625 SE2d 57) (2005). Because this issue is determinative with respect to Shuler's claims, we remand to the trial court for its resolution. See *Howard v. Estate of Howard*, 249 Ga. App. 287, 292 (3) (548 SE2d 48) (2001).

*Judgment reversed and case remanded. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 27, 2006 —
RECONSIDERATION DENIED JULY 27, 2006 — 

*Hassett, Cohen, Goldstein, Port & Gottlieb, Lee S. Goldstein*, for appellant.

*Hicks, Massey & Gardner, Frederick V. Massey, Smith & Jenkins, Wilson R. Smith*, for appellees.