## 34454. NORRIS v. OSBURN et al.

MARSHALL, Justice.

This is a shareholder's derivative action brought by Gary L. Norris as the owner of 10 shares of stock in Interstate Sign Service, Inc. Norris argues that Raymond C. Osburn, Sr., who is the president and principal shareholder of Interstate, has appropriated two tracts of corporate real estate to his own use. The trial court, after

conducting hearings on this matter and considering various documentary evidence, entered an order dismissing the complaint. The plaintiff appeals.

In 1966, Osburn was operating a commercial sign business. He had borrowed $5,000 from Norris to partially defray the cost of a crane truck. The loan was secured by a security interest in the truck and other business equipment.

Later in 1966, Osburn decided to incorporate the commercial sign business as Interstate Sign Service, Inc. The business was not formally incorporated until June 9, 1967. On this same date, Osburn, Norris, and M. C. Pritchard, who is Osburn's attorney, entered into a stock subscription agreement, which pledged Osburn to pay $3,000 for 30 shares of stock and Norris and Pritchard to pay $1,000 each for 10 shares of stock each.

Shortly after Interstate was incorporated, Norris came to Pritchard's law office and demanded his 10 shares of stock. Pritchard issued Norris a stock certificate evidencing his 10 shares of stock; however, the stock certificate does not bear the signature of Osburn as president, as required by the corporate bylaws. In addition, Norris did not pay the $1,000 for his shares, as required by the stock subscription agreement.

On June 3, 1968, Interstate acquired a lease to a tract of land on which Osburn had previously operated a nightclub. (This is one of the tracts of land which the plaintiff alleges belongs to Interstate.) The commercial sign business was operated on these premises for a short period, after which time Osburn remodeled the nightclub and made improvements to the premises in the amount of approximately $130,000. He began operating the nightclub again, and on April 10, 1973, Osburn, in his individual capacity, acquired fee simple title to this tract of land from the lessor. This deed was recorded on May 8, 1973. Interstate's lease to these premises did not expire until January 1, 1974, at which time the lease was not renewed.

Pritchard testified at one of the hearings below that Osburn operated the nightclub separate and apart from his commercial sign business, under a different corporate name and in association with a party not connected with

the sign business.

On April 26, 1973, Osburn borrowed $20,000 and gave to the lender a security deed on the nightclub premises. Because of its leasehold interest, Interstate joined Osburn in executing the security deed. Norris' loans to the commercial sign business, which totaled approximately $20,000, were paid off with the proceeds of this loan. Shortly thereafter, Norris went to Osburn and offered to sell his shares of stock for $10,000. Osburn staunchly denied that Norris was the beneficial owner of any of the stock of the company.

Pritchard testified that "over the years" Norris had been coming to him and complaining about Osburn's appropriation of the nightclub property to his own use. Pritchard testified that he had told Norris that Osburn was "doing a good job" and "rebuilding the building out there from practically nothing to something worth $150,000 to $200,000." He further testified that he had told Norris that, "the best thing you can do is just don't rock the boat. Sit still."

On November 3, 1976, Osburn executed a warranty deed to the nightclub (real estate, fixtures, equipment and furniture) to the Suttons. At the insistence of the Suttons' attorney, Interstate was included as a joint grantor in this warranty deed in order to quitclaim whatever interest it might have in the property. To secure the purchase price, the purchasers executed a security deed in the amount of $132,000. (The Suttons also included Interstate as a joint grantee in this security deed.) The security deed was foreclosed and the property was bid in by Osburn in his own name on July 5, 1977. On September 30, 1977, Osburn executed a warranty deed on the property to Archie L. Murray, who is also named as a defendant in this action. The transfer tax on this deed would indicate a consideration of $75,000.

The other tract, which Norris alleges that Osburn appropriated to his own use, is a three-acre tract of land adjacent to the nightclub tract. This tract of land was transferred to Interstate in 1968. In 1976 it was transferred to Osburn's ex-wife, Judy Osburn, one of the defendants herein. *Held:*

We hold that the trial court was authorized to dismiss

this suit on at least three grounds.

First, we find that the trial court was authorized to dismiss the complaint on the ground that the statute of limitations has run. Interstate's only interest in the nightclub tract derives from its lease on the premises, which expired on January 1, 1974. The present suit was not brought until June 14, 1978. Thus, this suit is barred by the four-year statute of limitation of Code Ann. § 22-714 (Ga. L. 1968, pp. 565, 640).

Second, we find that the trial court was authorized to rule that Norris is guilty of laches, barring him from any right to the equitable relief he seeks. "If a minority stockholder postpones his complaint that the corporate act is ultra vires or irregular for an unreasonable time, or, after full knowledge of the facts, stands by and allows large operations to be completed or money expended, before he brings suit, his laches and acquiescence bar him of any right to equitable relief with respect thereto. *Alexander v. Searcy,* 81 Ga. 536 (8 SE 630)." *Bridges v. Southern Bell Tel. &c. Co.,* 136 Ga. 251, 254 (71 SE 161) (1911); *Mountain Manor Co. v. Greenoe,* 205 Ga. 619, 620-621 (54 SE2d 629) (1949).

Third, we find that the trial court was authorized to dismiss the complaint on the ground that Norris never paid the consideration for his shares required by the stock subscription agreement and, thus, has never become a legal shareholder of the corporation. See 6 EGL 233, Corporations, § 38.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only.*

SUBMITTED JANUARY 12, 1979 — DECIDED APRIL 6, 1979.

*Dennis J. Strickland, Sr.,* for appellant.
*Leon A. Wilson, II,* for appellees.