## 64964. OSBURN et al. v. NORRIS.

McMURRAY, Presiding Judge.

In *Norris v. Osburn,* 243 Ga. 483, 486 (254 SE2d 860), the Supreme Court affirmed the trial court in dismissing the complaint of Norris, the same being a derivative action in which Norris alleged he was the owner of 10 shares of stock in a certain corporation in which Osburn was the president and principal shareholder, contending Osburn had appropriated two tracts of corporate real estate to his own use. At page 486 the Supreme Court held that the trial court was authorized to dismiss the complaint (1) on the ground that the statute of limitation had run; (2) Norris was guilty of laches barring him from the right to equitable relief; and (3) Norris never paid the consideration for his shares of stock and had never become a legal shareholder of the corporation.

In the case sub judice Raymond C. Osburn, Sr., Judy P. Osburn and a third party (later dropped, by stipulation of the parties, as a party plaintiff who did not desire to pursue the claim) filed this action for malicious use of process against the defendant Gary L. Norris, who had filed the derivative shareholder's suit which was dismissed and affirmed in *Norris v. Osburn,* 243 Ga. 483, supra. The complaint is based upon the original claim alleging that plaintiffs Osburn, as officers of said corporation, had fraudulently appropriated the properties and business and other assets of said corporation and converted same to their own use and personal gain and same had been carried out intentionally, wilfully and without any justification whatsoever for the sole motive of extorting monies from the plaintiffs with the full knowledge of the falsity of same. This action seeks to recover exemplary damages to deter defendant from repeating such wrongs or as compensation for the wounded feelings of the plaintiffs.

The defendant answered admitting jurisdiction and the filing of

the original suit and the outcome thereof, copy of which was attached to the pleadings, but otherwise denied the claim.

Thereafter, with reference to this malicious use of civil process case the parties stipulated that the plaintiffs were not arrested and the property of the plaintiffs was not attached, although Norris procured the issuance by the court of a rule nisi and an ex parte restraining order, later dissolved. The parties further stipulated that Norris had sought a temporary injunction and the appointment of a receiver of the assets of said corporation; the creation of a constructive trust in the corporate assets; the property in the constructive trust be transferred of record to Norris or in the alternative the Osburns pay into the corporation the fair market value of the property at the time of the sale; the assets and properties of said corporation once determined be liquidated and distributed among the shareholders in their rightful pro rata share; and, for such other and further relief as the court deemed proper. The damages which the plaintiffs contend they sustained as a result of that suit "claimed to be recoverable herein" are attorney fees for employing counsel in the previous civil action, other expenses of litigation involved in the former civil action and exemplary or general damages as compensation to deter Norris from repeating such wrongs or as compensation for the wounded feelings of the plaintiffs.

A motion for summary judgment was filed by the defendant Norris based upon the above stipulations of the parties. The motion was granted after a hearing, and the plaintiffs appeal. *Held:*

The only issue involved here is whether a claim for damages cognizable in an action for malicious use of civil process was made. If not, the trial court was correct in granting summary judgment in favor of the defendant and in dismissing the complaint.

The defendant contends that the plaintiffs incurred no recoverable damages by reason of plaintiffs' defense of the shareholders derivative action suit. In *Taylor v. Greiner,* 247 Ga. 526, 528 (277 SE2d 13), the Supreme Court held that this court in *Taylor v. Greiner,* 156 Ga. App. 663 (275 SE2d 737), at page 665 had correctly stated the Georgia law in "holding that a cause of action for malicious use of process will not lie absent a showing that the defendant was arrested, or his property attached, or he suffered some other special damage by reason of the serving out of the process, *Mitchell v. Southwestern Railroad,* 75 Ga. 398 (3) (1885); *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76) (1941); and that the expenses of defending the suit are not special damages within this rule. *Jacksonville Paper Co. v. Owen,* supra; [*Dixie Broadcasting Corp. v. Rivers*], 209 Ga. 98, 108 (70 SE2d 734)." Under the circumstances here, where the effect of the parties' stipulation was that there were no

special damages, and as a party may not recover attorney fees for employing counsel in the previous civil action (*Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, 108, supra, and cases cited at page 108), the trial court did not err in granting summary judgment.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 12, 1983.

*Leon A. Wilson II,* for appellants.
*J. Edwin Peavy,* for appellee.