66481. SCOTT v. LIBERTY MUTUAL INSURANCE COMPANY.

CARLEY, Judge.

In 1979, appellee filed a civil action against appellant. The case was brought to trial, and, on August 19, 1980, appellant was granted a directed verdict. Appellee filed no appeal. On August 31, 1982, appellant filed the instant tort action against appellee, alleging that the institution of the previous suit against him was a malicious use of process. Appellee answered, raising among its other defenses the running of the statute of limitations. Appellee's subsequent motion for summary judgment as to its statute of limitations defense was granted. It is from this order that appellant appeals.

"[I]n an action for damages for the malicious use of civil process three essential elements must appear, to wit: (1) Malice. (2) Want of probable cause. (3) The proceeding complained of has terminated in favor of the defendants before an action for damages is instituted. [Cits.]" *Georgia Veneer &c. Co. v. Fla. Nat. Bank,* 198 Ga. 591, 609 (32 SE2d 465) (1944). The two-year statute of limitations begins to run from the date that the previous proceeding terminated in favor of the plaintiff in the subsequent malicious use of process action. *Godfrey v. Home Stores,* 101 Ga. App. 269, 276 (114 SE2d 202) (1960).

The issue presented for review in the instant case is the determination of the date upon which the previous proceeding was terminated, and, consequently, the date upon which the statute of limitations began to run. It is appellee's contention that the operative date under the facts of the instant case is August 19, 1980, and that appellant's suit, filed more than two years thereafter, is barred. Appellant asserts that the previous action did not terminate until 30 days after August 19, 1980, during which period an appeal might have

been filed, and that his instant action is within the two-year statute of limitations as calculated from that date.

It is clear that proceedings in the trial court are "terminated" by the entry of a final judgment, after which time "the cause is no longer pending in the court below." OCGA § 5-6-34 (a)(1) (Code Ann. § 6-701). It is the date of such entry which triggers the 30-day period for appealability. OCGA § 5-6-38 (a) (Code Ann. § 6-803). If an appeal is filed during this 30 day period, the effect is to suspend the finality of the trial court's judgment. See *Lexington Developers v. O'Neal Constr. Co.,* 143 Ga. App. 440, 441 (238 SE2d 770) (1977). If no timely appeal is filed, however, the original "final" judgment of the trial court evinces the termination of the proceedings. Cf. *Blakely v. Blakely,* 232 Ga. 60 (205 SE2d 205) (1974). "Since no further action was taken . . ., the original [judgment of the trial court] progressed from a prima facie termination of the action to an irrebuttable conclusion of finality." *Bailey v. General Apt. Co.,* 139 Ga. App. 713, 715 (229 SE2d 493) (1976).

In other words, a "judgment cannot be *treated* as final so long as either party has the right to have it reviewed by [an appellate court]." (Emphasis supplied.) *George v. George,* 233 Ga. 637 (212 SE2d 813) (1975). However, when no timely attempt is subsequently made to reverse the original judgment of the trial court, it *becomes* the conclusively final judgment of the case and the point of final termination of the proceedings. *Bailey v. General Apt. Co.,* supra.

In the instant case, the underlying proceedings originally terminated in the trial court on August 19, 1980. No action was taken to contest the finality of the trial court's ruling which terminated the proceedings. Accordingly, the proceedings which appellant contends were maliciously instituted were finally terminated in his favor by the trial court's order of August 19, 1980. "For the reasons stated, the trial court did not err in accepting the defense of the statute of limitation nor in granting summary judgment for [appellee]." *Bailey v. General Apt. Co.,* supra at 715.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 9, 1983.

*James W. Smith,* for appellant.
*W. Wray Eckl, Theodore E. G. Pound,* for appellee.