69833. TARVER v. WILLS et al.
(330 SE2d 896)

BIRDSONG, Presiding Judge.

We granted interlocutory appeal in this case to determine whether the trial court erred in refusing summary judgment to the appellant attorney in this suit by the appellee doctor for the attorney's having "maliciously" filed a medical malpractice case. The doctor's motion for summary judgment in the medical malpractice suit was met with no objection or response and was granted. This suit followed. The trial court, in denying summary judgment to the appellant attorney, ruled "that at most this action is one for *malicious use of process* and that a very close issue remains as to whether the plaintiff has sustained some *special damage* which would entitle him to a recovery." *Held*:

1. The trial court correctly held that this suit is at most one for malicious use of process, there being no cause of action here for mali-

cious abuse of process or malicious interference with property. *Taylor v. Greiner*, 247 Ga. 526 (277 SE2d 13); *Taylor v. Greiner*, 156 Ga. App. 663 (275 SE2d 737). Nor, even if it had been specifically plead, is there a cause of action against the attorney for negligence in filing the malpractice suit; the overriding public policy guarding free access to the courts and the fact that the attorney's legal duty is to his own client, dictate that the attorney owed no legal duty to the appellee doctor to investigate fully the client's claim prior to filing suit (*Schunk v. Zeff*, 311 NW2d 322 (109 Mich. App. 163)) or to avoid filing a suit which he knew or should have known was frivolous (see *Spencer v. Burglass*, 337 S2d 596 (La. App. 4th Cir. 1976); *Fee v. Sullivan*, 379 S2d 412 (Fla. 4th DCA 1980)). Such allegations would be addressable in a suit for malicious use of process (see *Schunk v. Zeff*, supra, p. 324) under an allegation of lack of probable cause.

2. Appellant contends the trial court erred in denying his motion for summary judgment because the appellee doctor did not establish any special damages.

It is well settled in Georgia that an action for malicious use of process must contain essential elements: (1) malice, (2) want of probable cause, and (3) the proceeding complained of must have terminated in favor of the complaining party. *Georgia Veneer &c. Co. v. Florida Nat. Bank*, 198 Ga. 591 (2), 609 (32 SE2d 465); *Scott v. Liberty Mut. Ins. Co.*, 168 Ga. App. 815 (310 SE2d 772). A fourth essential element is proof that the complainant was arrested, had property seized, or incurred "special damages." *Taylor v. Greiner*, supra, 247 Ga. 526; *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98, 108 (70 SE2d 734); *Troup County Elec. &c. Corp. v. Traylor*, 170 Ga. App. 121 (316 SE2d 568); *Taylor v. Greiner*, supra, 156 Ga. App. 663.

The appellee doctor claims as damages: lost income for time spent in defending the medical malpractice lawsuit; lost income spent in trying to prevent the lawsuit; expenses of paying a secretary to prepare correspondence to prevent and defend the lawsuit; increased medical malpractice premiums; incurrence of higher rating with malpractice insurance carriers; damage to professional reputation in the community; and emotional strain, embarrassment, loss of sleep and anxiety for having been charged with negligence and with having caused the death of a patient. However, we have established that attorney fees and other expenses incurred in defending the lawsuit are not recoverable special damages (*Troup County Elec. Corp.*, supra; *Osburn v. Norris*, 165 Ga. App. 118 (299 SE2d 170); *Johnson v. Monumental Properties*, 141 Ga. App. 151 (232 SE2d 644); *Dixie Broadcasting Corp.*, supra). Emotional strain, embarrassment, loss of sleep, anxiety, humiliation, and damage to reputation or being held up to public scorn and ridicule are not recoverable special damages (*Troup County Elec. Corp.*, supra; *Greer v. State Farm Fire &c. Co.*, 139 Ga.

App. 74, 78 (227 SE2d 881); *Price v. Fidelity Trust Co.*, 74 Ga. App. 836 (41 SE2d 614); *Dixie Broadcasting Corp.*, supra; *Pike v. First Nat. Bank, Rome*, 99 Ga. App. 598, 606 (109 SE2d 620). Likewise, lost income for time spent defending the malpractice suit and trying to prevent the suit are not recoverable as special damages for, like attorney fees and other expenses, loss of time is a factor which necessarily results in all suits prosecuted to recover for like causes of action. *Troup County Elec. Corp.*, supra; *Greer*, supra; *Price*, supra.

Actual increase in malpractice insurance premiums because of an unsuccessful malpractice lawsuit, may or may not be "such as necessarily results in all suits prosecuted to recover in like causes of action" (*Swain v. American Surety Co.*, 47 Ga. App. 501 (171 SE 217)), but it is not recoverable special damage. The Texas Court of Civil Appeals has held, on the same contention, that the alleged increase in insurance premiums "is more analogous to a prepayment for attorney fees and expenses incurred in defending medical malpractice cases which are an incident of defending any civil suit." *Moiel v. Sandlin*, 571 SW2d 567, 571 (Tex. Civ. App. 1978). Moreover, the appellee Dr. Wills gave as evidence in this case that his insurance premium had increased as a result of the glut of medical malpractice cases generally; the Texas court in *Moiel v. Sandlin*, supra, held such an allegation is insufficient since the increase was not necessarily attributable to the particular malpractice suit filed against Moiel. Appellee Wills further testified that he had been given a higher rating by the state doctors' insurance company (Medical Association of Georgia Mutual, "MAG") which would have cost higher premiums than his regular insurer; but no reason had been given him for the higher cost of MAG insurance, although he believed it was because of all the suits that had been filed against him. Thus, there is no evidence that high rate was attributable solely to the malpractice suit involved in this case.

Finally, if what appellee alleges is true, the insurance increase is an *unavoidable incident* of a medical malpractice case, and to declare it "special damage" would make every such lawsuit problematical. The overriding public policy of maintaining free access to the courts, as a fundamental component of our judicial system, requires that "courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights." *Schunk v. Zeff*, supra, p. 325; *Lyddon v. Shaw*, 372 NE2d 685 (56 Ill. App. 3d 815). "To sustain this [malicious use of process] action against [appellant] for doing that which the law of this State declares they could do without liability, would undermine respect for and confidence in the law of the land. It is a serious matter to establish by decision of this court a rule whereby one may conform to the requirements of the law and yet be subject to payment of damages for his actions thus within the law." *Dixie Broadcasting*

*Corp.*, supra, p. 108.

The trial court erred in denying summary judgment to appellant on the ground that recoverable special damages could be shown to sustain an action for malicious use of process.

3. Likewise, the appellant was entitled to summary judgment on grounds that there was no showing of malice on appellant's part in filing the malpractice suit. Appellee contends the suit was manifestly malicious in inception because the appellant did not fully investigate the basis of any liability on appellee's part before filing suit. We find no actual malice on appellant's part, and nothing from which it can be inferred. See *Johnson*, supra, p. 152; *Greer*, supra, p. 78. The evidence shows clearly that before he filed the malpractice suit, appellant specifically and earnestly sought to make informal discovery to determine the cause of death of the plaintiff's husband, and appellee's part in it, if any. However, the appellee doctor refused to notify his insurance carrier of the possible claim, and when appellant apparently himself notified the insurer, the insurer refused to permit any discovery without the filing of a suit. Appellant never had any expert witness evidence that the appellee had been negligent, but then appellant did not have discovery of any evidence of possible negligence until after the suit was filed. He was not required to have such proof of negligence before filing suit, nor was he obliged to take every precaution to avoid filing suit. *Spencer v. Burglass*, supra, p. 600. Such requirements would have a "chilling effect" upon the citizen's right to seek redress for what he considers to be a wrong. *Spencer v. Burglass*, supra, p. 601.

Appellant had no "knowledge that the allegations of malpractice . . . were false or . . . reckless disregard as to whether those allegations were false or not," which is the definition of malice given the Louisiana court in *Spencer v. Burglass*, supra, p. 599. "The absence of probable cause [or the existence of malice] in bringing a civil action may not be established merely by showing that the action was successfully defended. . . . Time will not always permit 'a reasonable investigation and industrious search of legal authority' before the lawyer must file a complaint to preserve the client's claim — and thus, perhaps, avoid an action by the client for legal malpractice . . . . In medical malpractice actions the facts relevant to an informed assessment of the defendant's liability may not emerge until well into the discovery process. . . . An attorney's evaluation of the client's case should not be inhibited by the knowledge that perserverance may place the attorney personally at risk. . . ." *Friedman v. Dozorc*, 312 NW2d 585, 603-605 (412 Mich. 1).

No evidence of malice appears in this case, and appellant was entitled to summary judgment on that alone.

*Judgment reversed. Sognier, J., concurs. Carley, J., concurs in*

*Divisions 1 and 3 and in the judgment.*

DECIDED APRIL 11, 1985.

*P. Russell Tarver,* pro se.
*Samuel A. Fowler, Jr., John P. Willis,* for appellees.