## A04A0624. McKENNA LONG & ALDRIDGE, LLP v. KELLER.
(598 SE2d 892)

SMITH, Chief Judge.

We granted this application for interlocutory appeal to consider whether a party to a legal dispute may bring an action against an adversary's attorney for negligence. We conclude that such an action is inappropriate because the plaintiff has alleged no legal duty owed to him by his opponent's counsel. We therefore reverse the trial court's denial of defendants' motion for judgment on the pleadings.

Plaintiff John Keller is a former vice-president of First Atlanta Securities, LLC (First Atlanta). When Keller began work for First Atlanta, he signed an employment agreement, attached to the verified answer as an exhibit. That agreement contains a section headed "Covenants" governing proprietary information, ownership of property, nonsolicitation, and noncompetition. It also provides that First Atlanta "may disclose the prohibitions contained in this Section 7 to any person who at the time employs Executive or is considering entering into any business relationship with Executive."

In late 2000 or early 2001, Keller began negotiations with Neidiger Tucker Bruner, a competitor of First Atlanta with plans to open an Atlanta office. In January 2001, First Atlanta's chairman wrote a letter to the president of Neidiger, informing him that First Atlanta intended to rely on the terms of the employment agreement, enclosed in the letter. Neidiger responded that it considered the employment agreement invalid based on its counsel's opinion. In February 2001, appellant Long Aldridge & Norman, LLP (now McKenna Long & Aldridge, LLP), as counsel for First Atlanta, sent letters to counsel for Keller and Neidiger expressing concerns regarding Keller and several other employees, including James Steinkirchner,

who had left First Atlanta and gone to work for Neidiger. These letters referenced certain documents, computer disks, and other items which were missing and "presumably in the possession of Mr. Keller and/or Mr. Steinkirchner and/or Neidiger Tucker Bruner," as well as reiterating that Keller and Steinkirchner were in violation of their employment agreements. Keller now contends these communications were defamatory.

Keller filed this action against Long Aldridge, two named attorneys, and various unknown parties and entities styled as "John" or "Jane Doe" and "ABC Entities." Keller alleged libel per se, negligence, tortious interference, bad faith under OCGA § 13-6-11, and punitive damages under OCGA § 51-12-5.1. The firm and the two attorneys were served and answered. They moved for judgment on the pleadings and also moved for a protective order staying discovery until resolution of the first motion. The trial court entered a perfunctory order denying both motions without any explanation or analysis of the issues. This appeal followed.

1. We first consider whether the trial court erred in denying appellants' motion for judgment on the pleadings.

> On a motion for judgment on the pleadings, we treat all well-pled material allegations by the nonmovant as true and all denials by the movant as false. Although such motion is, by definition, limited to the pleadings, a trial court may also consider exhibits that have been incorporated into the pleadings. If, in reviewing these documents, there is a complete failure by the plaintiff to state a cause of action, then the defendant is entitled to judgment as a matter of law.

(Citations and footnotes omitted.) *Printis v. Bankers Life Ins. Co.*, 256 Ga. App. 266 (568 SE2d 85) (2002), aff'd, 276 Ga. 697 (583 SE2d 22) (2003). It is well established that an action in negligence requires the breach of a duty owed to the claimant. "The four elements to any tort action are a duty, a breach of that duty, causation and damages." (Citations and footnote omitted.) *Traina Enterprises v. RaceTrac Petroleum*, 241 Ga. App. 18 (525 SE2d 712) (1999).

Numerous Georgia cases have discussed the element of duty in the context of attorneys' relationships with nonclients. In *Karpowicz v. Hyles*, 247 Ga. App. 292 (543 SE2d 51) (2000), a rape victim and her mother filed suit against Hyles, the attorney who defended the accused in the criminal trial. They alleged claims of negligence, abuse of judicial process, fraud and deceit, invasion of privacy, tortious interference with a confidential relationship, and negligent and intentional infliction of emotional distress. Id. at 293. We affirmed summary judgment to the attorney on various grounds, but the

holding of importance here concerns the negligence claims. We agreed with the trial court that the defendant attorney owed no duty to the plaintiff "which was or could have been breached," and we stated that the attorney's "paramount duty was to the trial court, as a licensed attorney and officer of the court, and to his client, whose liberty was at stake." Id. at 297 (4).

In *Legacy Homes, Inc. v. Cole*, 205 Ga. App. 34 (421 SE2d 127) (1992), one party to a real estate closing attempted to sue the other party's attorney for legal malpractice. We observed, "It is generally held that an attorney-client relationship must be demonstrated before a plaintiff may recover in a legal malpractice suit. This is essential in establishing the *element of duty that is necessary to every lawsuit based upon a theory of negligence.*" (Citations and punctuation omitted; emphasis supplied.) Id. at 35. And in *Driebe v. Cox*, 203 Ga. App. 8 (416 SE2d 314) (1992), we held that "[b]efore an action for malpractice or negligence can lie against an attorney, there must be a legal duty from the attorney to the plaintiff." Id. at 9 (1). Finally, in *Tarver v. Wills*, 174 Ga. App. 550, 551 (1) (330 SE2d 896) (1985) (full concurrence in Division 1), we found that malicious use of process was the proper claim against an attorney for "maliciously" filing a meritless lawsuit. In so holding, we observed that no cause of action in negligence could lie because "the overriding public policy guarding free access to the courts and the fact that the attorney's legal duty is to his own client" demanded a finding that the attorney owed no legal duty to an adverse party that would give rise to a claim in negligence, whether "to investigate fully the client's claim prior to filing suit or to avoid filing a suit which he knew or should have known was frivolous." (Citations and punctuation omitted.) Id.

Keller contends that his claims are not for "professional negligence" but for "ordinary negligence," relying on medical negligence cases distinguishing between acts requiring medical skill and learning and mere administrative or nonprofessional functions. This, however, is not a medical negligence case. Cases involving alleged medical negligence distinguish between ordinary and professional negligence for purposes of the requirement of an affidavit under OCGA § 9-11-9.1, not the question of whether a duty giving rise to a claim of negligence is owed to the claimant in the first instance.

Because no lawsuit was filed, Keller also argues that cases such as *Karpowicz*, supra, do not apply. This, however, does not explain the holdings in *Legacy Homes* or *Driebe*, supra, since the defendant attorneys in those cases did not file actions against the plaintiffs but merely represented another party in real estate transactions. Moreover, if an attorney owes no legal duty sounding in negligence to an adversary to investigate a client's claim prior to filing suit or to avoid filing a potentially frivolous suit, *Tarver*, supra at 551, certainly the

attorney owed no duty to investigate before merely sending a demand letter on behalf of a client.

Finally, Keller argues that even if his negligence claims are dismissed, his claims for libel and tortious interference should survive, citing *Smith v. Morris, Manning & Martin, LLP*, 254 Ga. App. 355, 359 (4) (562 SE2d 725) (2002). Once again, however, Keller relies upon a legal malpractice case that turns on the failure timely to file an affidavit under OCGA § 9-11-9.1 and raises no issue of the duty owed to a nonclient. Despite Keller's allegations of "intentional conduct," his complaint makes clear that all his claims arise from the alleged negligent failure on the part of Long Aldridge to investigate adequately its client's allegations against Keller before sending the demand letter. Long Aldridge owed no legal duty to Keller giving rise to a claim in negligence, and the trial court erred in denying Long Aldridge's motion for judgment on the pleadings.

2. In light of this holding, we need not reach Long Aldridge's remaining enumerations of error.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 22, 2004 — 

*Dow Lohnes & Albertson, Peter C. Canfield, Thomas M. Clyde, Marcia K. Stadeker*, for appellant.

*Neal H. Howard & Associates, Neal H. Howard, William D. James*, for appellee.