[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12348
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-02294-RWS


CHRISTOPHER M. HUNT, SR.,

Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,
DEUTCHE BANK NATIONAL TRUST COMPANIES,
ALBERTELLI LAW,
CORPORATION SERVICE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 19, 2019)

Before WILLLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Hunt, Sr., proceeding *pro se*, appeals the district court's dismissal without prejudice of his complaint against Nationstar Mortgage, LLC, ("Nationstar"), Deutsche Bank National Trust Companies ("Deutsche Bank") (collectively with Nationstar, "the Mortgagees"), "Albertelli Law" ("Albertelli"), and Corporation Service Company ("CSC") (all collectively, "the defendants"), for failing to serve the defendants and the subsequent denial of his motions for reconsideration.[1]

For context, Hunt initiated two proceedings[2] in state court, both of which were removed to federal court.  The instant case, *Hunt II*, was initiated while the first appeal from *Hunt I* was still pending.

On appeal, Hunt argues that the district court erred in dismissing his complaint for lack of service because the defendants had failed to maintain registered agents in Georgia, so he was entitled to serve them through the Georgia Secretary of State.  He also argues that the district court should have granted post-judgment relief under: (1) Rule 60(b)(2), because there was newly discovered evidence in the form of filings in *Hunt II*; (2) Rule 60(b)(3) and 60(d)(3), because he alleged that the defendants had made misrepresentations to the courts and the

---

[1] This case is related to the appeal in Case No. 18-12593-AA.

[2] For ease of reference, the district court proceedings from the related case (N.D. Ga. Case No. 1:14-cv-03649-RWS) will be called "*Hunt I*," and the district court proceedings from the instant case (N.D. Ga. Case No. 1:17-cv-02294-RWS) will be called "*Hunt II*."

2

Georgia Secretary of State; (3) Rule 60(b)(4), because the district court did not have jurisdiction based on the defendants' default, the Mortgagees' failure to obtain consent from all defendants before removing the case, the untimeliness of the notice of removal, and the defendants' failure to maintain registered agents; (4) Rule 60(b)(5), because success in his appeal from *Hunt II* will result in vacatur of the judgment in this case; and (5) Rule 60(b)(6), because it would be unjust, in light of the new evidence of fraud, to let the judgment stand. The Mortgagees argue that the instant appeal is untimely.[3]

We first address the issue of timeliness, then whether the district court erred in dismissing the complaint, and finally whether the district court abused its discretion in denying post-judgment relief.

## I.

In civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010). Except where the United States is a party, a notice of appeal in a civil case must be filed within 30 days of entry of the appealed-from judgment or order. Fed. R. App. P. 4(a)(1)(A). However, the period for appeal runs anew upon the disposition of certain motions, including motions:

---

[3] In his brief, Hunt moves for us to enforce Rule 3.3 of the Georgia Rules of Professional Responsibility. His motion is DENIED because this Court does not enforce the Georgia Rules of Professional Responsibility.

3

(1) to alter or amend the judgment under Rule 59; (2) for a new trial under Rule 59; and (3) for relief under Rule 60, if the Rule 60 motion is filed within 28 days of the entry of judgment. Fed. R. App. P. 4(a)(4)(A). Additionally, a motion for reconsideration filed within 28 days after the entry of judgment is within the scope of Rule 59(e). *Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1020-21 (11th Cir. 1988).

Here, Hunt filed his first motion for reconsideration within 28 days of the entry of the order dismissing his complaint, meaning that the time for filing the notice of appeal was tolled. The window then ran anew after the district court disposed of that order, and Hunt filed the notice of appeal within 30 days of the entry of that order. Accordingly, the appeal is timely.

## II.

We review for abuse of discretion a district court's *sua sponte* dismissal without prejudice of a plaintiff's complaint for failure to timely serve a summons and complaint under Fed. R. Civ. P. 4(m). *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). Additionally, we review for abuse of discretion a district court's decision whether to grant an extension of time under Fed. R. Civ. P. 4(m). *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005).

4

"[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant . . . . [T]here must be authorization of service of summons on the defendant." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  An individual or entity "is not obligated to engage in litigation unless [officially] notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).  Even where a defendant has actual notice of the filing of a suit, service of process is ineffective where it does not comply with the rules of service.  *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir. 2003).

Under the Federal Rules of Civil Procedure, a plaintiff must serve process on a corporation by delivering the summons and complaint to an officer or authorized agent or by complying with any means allowed under state law. Fed. R. Civ. P. 4(e)(1), (h)(1).  Sending copies of the summons and complaint to defendants by certified mail may be done in addition to delivering the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B).

Under Georgia's Civil Practice Act, service of process must be made on a corporation by personally serving "the president or other officer of such

5

corporation or foreign corporation, managing agent thereof, or a registered agent thereof." O.C.G.A. § 9-11-4(e)(1)(A). Georgia law does not authorize a party to serve a corporation directly by certified or registered mail. *Abe Eng'g, Inc. v. Travelers Indem. Co.*, 436 S.E.2d 754, 755 (Ga. Ct. App. 1993). However, "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail . . . addressed to the secretary of the corporation at its principal office." O.C.G.A. § 14-2-504(b).

If service on the listed agents cannot be had, the Georgia Secretary of State is deemed an agent of the corporation for purposes of service of process. O.C.G.A. § 9-11-4(e)(1)(A). To perfect service on the Secretary of State, the plaintiff must deliver a copy of the process to the Secretary of State or other agent designated by the Secretary of State "along with a copy of the affidavit to be submitted to the court pursuant to [the Civil Practice Act]." *Id.* The plaintiff must also:

> certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that such corporation or foreign corporation has failed either to maintain a registered office or to appoint a registered agent in [Georgia]. Further, if it appears from such certification that there is a last known address of a known officer of such corporation or foreign corporation outside [of Georgia], the plaintiff shall, in addition to and after such service upon the Secretary of State, mail or cause to be mailed to the known officer at the address by registered or certified mail or statutory

6

overnight delivery a copy of the summons and a copy of the complaint.

*Id.*

Service on the Secretary of State is proper only after a plaintiff has attempted to serve the persons listed in the statute and "for any reason" the attempt was unsuccessful. *Stone Exch. Inc. v. Surface Tech. Corp. of Ga.*, 605 S.E.2d 404, 405 (Ga. Ct. App. 2004). "Although substituted service may be appropriate when a corporation fails to comply with the registered agent requirements," such service is not sufficient "when the plaintiff has actual knowledge of the corporation's current correct address and the location of corporate officers who may be properly served under OCGA § 9-11-4(e)(1)." *Id.* at 406.

If a defendant is not served within 90 days of the filing of the complaint, the court must dismiss the action against that defendant without prejudice or order that service be made. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Rance*, 583 F.3d at 1286. Even absent good cause, the district court must still consider whether other circumstances warrant an extension of time, such as if the refiled action would be barred by the statute of limitations, if the defendant was evading

7

service, or if the defendant was concealing a defect in the attempted service. *Horenkamp*, 402 F.3d at 1132-33.

Under Georgia law, a corporation must maintain in the state: (1) a registered office, which may be the same as any of its places of business; and (2) a registered agent. O.C.G.A. § 14-2-501. A registered agent may be (a) a resident person; (b) a domestic corporation or company; or (c) a foreign corporation or company. *Id.* § 14-2-501(2)(A)-(C).

Here, there was no evidence in the record that Hunt attempted to serve Deutsche Bank at all. As to Nationstar, Albertelli, and CSC, Hunt's attempts to send the summons and complaint by certified mail were insufficient under federal law. Although Hunt argues that Nationstar and CSC could not be served because their registered agents were corporations, Georgia law provides that a corporation may use a foreign corporation as its registered agent for service of process. Although he contends that service on CSC would be improper because its employees were like receptionists, those employees were hired and authorized to accept service of process. Because Nationstar and CSC had registered agents, Hunt was not entitled to serve them through the Secretary of State. Hunt was also not entitled to serve Albertelli through the Secretary of State because he did not attempt to serve it in this action. Although he attempted to serve Albertelli in *Hunt I*, that attempt was three years before the filing of the complaint in *Hunt II*

8

and was for a separate lawsuit.  The certificates from the Secretary of State's office also do not prove that service was proper—they only state that the office received copies of documents.  Finally, the district court considered whether there was good cause or other circumstances warranting an extension of time and found none.  Accordingly, it did not abuse its discretion in dismissing the complaint for lack of service.

III.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).  "[T]o overturn the district court's denial of [a Rule 60(b) motion], it is not enough that a grant of the motion[] might have been permissible or warranted; rather, the decision to deny the motion[] must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  Similarly, we review the denial of a motion under Rule 59 for abuse of discretion.  *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

Generally, an appeal of a Rule 60(b) motion is limited to the denial of that motion and does not bring up the underlying judgment for review.  *Am. Bankers*, 198 F.3d at 1338.  Because of this limitation, Rule 60(b) may not be used to challenge mistakes of law that could have been raised on direct appeal.  *Id.*  "A

9

party may not use Rule 60 as a substitute for a timely and proper appeal." *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) (*per curiam*).

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir 2007) (*per curiam*) (brackets omitted)). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir 1997) (*per curiam*).

Rule 60(b)(2) allows a court to grant relief from a final judgment, order, or proceeding where the movant proffers newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2). "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quotation marks omitted). To warrant relief under Rule 60(b)(2):

> (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or

10

impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result.

*Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

Rule 60(b)(3) allows a court to grant relief from a judgment for fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(3). "To prevail on a 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct."  *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (quotation marks and brackets omitted). "Additionally, the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense."  *Id.* (quotation marks and brackets omitted).

Federal Rule of Civil Procedure 60(d), formerly the savings clause of Rule 60(b), preserves the court's power to entertain an independent equitable action to set aside a judgment, notwithstanding the specific grounds set forth in Rule 60(b) and their attendant time limitations.  *See* Fed. R. Civ. P. 60(d); *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (*per curiam*) (discussing the fraud-on-the-court action when it was the Rule 60(b) savings clause).  In particular, Rule 60(d)(3) notes the court's power to "set aside a judgment for fraud on the court" in limited circumstances.  *See* Fed. R. Civ. P. 60(d)(3).

11

Relief for fraud on the court under Rule 60(d)(3) is a narrow doctrine and constitutes only that species of fraud that defiles, or attempts to defile, the court itself, "or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *See Travelers*, 761 F.2d at 1551 (quotation marks omitted). Neither perjury nor fabricated evidence constitutes fraud upon the court for purposes of this rule, as both can and should be exposed at trial. *Id.* at 1552. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Where relief from a judgment is sought under this rule, the fraud must be established by clear and convincing evidence. *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987).

Rule 60(b)(4) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void under this rule "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks omitted).

Rule 60(b)(5) justifies relief if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

12

applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "The section of [R]ule 60(b)(5) which provides relief when judgments are satisfied applies when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt." *Gibbs*, 738 F.2d at 1155. A judgment of dismissal is not a "prospective effect" under Rule 60(b)(5). *Id.* at 1155-56.

Rule 60(b)(6) allows a party to seek relief from a final judgment or order on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In order to be afforded relief under Rule 60(b)(6), the movant must show "that the circumstances are sufficiently extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (*per curiam*) (quotation marks omitted). Relief under Rule 60(b)(6) is inappropriate where the case falls into one of the other categories listed in subsections (1)-(5) of Rule 60(b). *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala.*, 920 F.2d 788, 791 (11th Cir. 1991) (*"Firetower Rd."*).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). When a case is removed to federal court based on diversity jurisdiction, it must be remanded to state court if there is

13

not complete diversity between the parties. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

For a natural person, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A corporation is a citizen of its state of incorporation as well as the state in which it has its principal place of business. *See id.* For purposes of diversity jurisdiction, a limited liability company is "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (*per curiam*). A national association is a citizen of the state designated in its articles of association as its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (quotation marks omitted).

"When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state

14

court."  *Stillwell v. Allstate Ins. Co*., 663 F.3d 1329, 1332 (11th Cir. 2011) (*per curiam*) (quotation marks and alteration omitted).  Fraudulent joinder can be established under two circumstances: (1) when there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant; or (2) the plaintiff fraudulently pleaded jurisdictional facts specifically to bring the action in state court and defeat diversity jurisdiction in federal court.  *Id.*  The removing party must make such a showing by clear and convincing evidence. *Henderson*, 454 F.3d at 1281.  "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  *Stillwell*, 663 F.3d at 1333 (quotation marks omitted).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* (quotation marks omitted).

In determining whether a possibility exists that the plaintiff could state a claim against the resident defendant, we look "to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Id*. at 1334.  Under Georgia law, fair notice of the nature of the claim is all that is

15

required, and the elements of most claims can be pled in general terms. *Bush v. Bank of N.Y. Mellon*, 720 S.E.2d 370, 374 (Ga. Ct. App. 2011).

Under Georgia law, the four elements for any tort action are duty, breach of that duty, causation, and damages. *McKenna Long & Aldridge, LLP v. Keller*, 598 S.E.2d 892, 894 (Ga. Ct. App. 2004). In an action for negligence against an attorney, the element of duty requires that a lawyer-client relationship existed between the defendant and plaintiff. *See id.* at 894–95 (holding that the alleged failure of a law firm to investigate adequately its client's allegations before sending a demand letter to an adverse party did not give rise to a negligence action because the firm owed no legal duty to a non-client).

To remove an action, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). To remove an action, the defendant must file a notice of removal within 30 days of the receipt of the initial pleading. *Id.* § 1446(b)(1). In *Murphy Bros.*, the Supreme Court held that the 30-day period for removal of the action does not start until service of the summons on the defendants and receipt of the complaint by the defendants either after or at the time of service of the summons. 526 U.S. at 347-48.

Where a plaintiff in federal court in a diversity case would be barred from bringing an action in state court, the federal court is likewise barred from hearing

16

the case. *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949). Under Georgia law, "[a] foreign corporation may not transact business in [Georgia] until it obtains a certificate of authority from the Secretary of State." O.C.G.A. § 14-2-1501(a). "A foreign corporation transacting business in [Georgia] without a certificate of authority may not maintain a proceeding in any court in th[e] state until it obtains a certificate of authority." O.C.G.A. § 14-2-1502(a). However, the failure to obtain a certificate of authority does not impair the validity of a corporation's actions or prevent it from defending any proceeding. O.C.G.A. § 14-2-1502(d).

Here, the district court did not abuse its discretion in denying Hunt's post-appeal motions. First, Hunt was not entitled to relief under Rule 59(e) for an error of fact or law because, as discussed above, the district court correctly dismissed the complaint for lack of service. He was not entitled to relief under that rule or Rule 60(b)(2) because he did not proffer newly discovered evidence. He was not entitled to relief under Rule 60(b)(2) because (1) the Mortgagees' statement that they were not validly served was correct; (2) the use of foreign corporations as registered agents is permitted under Georgia law, so the defendants did not perjure themselves on the application; and (3) Albertelli's alleged misrepresentation that it maintained a registered agent did not prevent Hunt from litigating his case because, had he attempted to serve Albertelli in this case and failed, he could have perfected service through the Secretary of State. He was not

17

entitled to relief under Rule 60(b)(4) because: (1) there was no default judgment against any of the defendants; (2) Albertelli was fraudulently joined because Hunt alleged no cognizable cause of action against it; (3) the other defendants were diverse from Hunt and the value of the equitable relief met the amount-in-controversy requirement, so there was diversity jurisdiction; (4) none of the defendants were served, so Hunt's arguments regarding unanimity and the timeliness of the notice of removal fail; and (5) his arguments that the court lacked jurisdiction to hear the Mortgagees' arguments due to their alleged improper registration is belied by the plain language of the statute.  Hunt was not entitled to relief under Rule 60(b)(5) because no prior judgment was reversed or vacated, there were no money damages, and the dismissal of the complaint does not constitute a "prospective effect" for purposes of the rule.  Finally, he was not entitled to relief under Rule 60(b)(6) because claims of fraud or newly discovered evidence are cognizable under other subsections of Rule 60(b).  Because there were no grounds on which Hunt was entitled to relief, the district court did not abuse its discretion.

**AFFIRMED.**