## A98A1600. EL CHICO RESTAURANTS, INC.
## v. TRANSPORTATION INSURANCE COMPANY.
### (509 SE2d 681)

SMITH, Judge.

This appeal involves the unusual issue of whether the superior court erroneously dismissed an amended class action complaint based in part on the original plaintiffs' failure to seek leave of superior court to add parties, notwithstanding a federal district court's previous grant of permission to do so. Under the circumstances of this case, we conclude that the superior court erred in dismissing the amended complaint, inasmuch as it named parties for whom leave to add had been granted by the district court. But with regard to parties unilaterally added without leave of court, we conclude that dismissal as to those parties was authorized. We therefore affirm in part and reverse in part.

El Chico Restaurants, Inc. filed a class action suit against several defendants in superior court, seeking damages for the alleged overcharging of workers' compensation insurance premiums. The case was then removed to federal court, where El Chico moved for leave to add parties and serve an amended complaint. The district court entered an order granting El Chico's motion to name additional plaintiffs. It appears that in granting that order, the district court may have considered a proposed amended complaint, which named the following entities as party plaintiffs: Bristol Hotel Management Corporation; CR/PL, Inc.; CR/PL Limited Partnership, El Chico Restaurants, Inc.; FFE Transportation Services, Inc.; and Judwin Properties, Inc. The district court also granted El Chico's motion to add additional defendants. But because it found that addition of defendants destroyed diversity, the district court also remanded the case to superior court; it did so in the same order granting the motion to add parties. As a result, El Chico was not afforded the opportunity to file an amended complaint in district court.

After remand to superior court, defendant Transportation Insurance Company moved to dismiss on the ground that El Chico Restaurants, Inc., a Texas corporation transacting business in Georgia, had brought suit without first obtaining a certificate of authority from

the Secretary of State. See OCGA § 14-2-1502. An "amended class action complaint" was then filed in superior court. That complaint named some of the entities listed as plaintiffs in the proposed amended complaint considered by the district court but also unilaterally dropped some parties and added others. The amended superior court complaint named the following entities as plaintiffs: Bristol Hotel Management Corporation; CR/PL Management Company; El Chico Corporation; and FFE Transportation Services, Inc. The only parties common to the two complaints therefore are Bristol Hotel Management Corporation and FFE Transportation Services, Inc. The trial court then granted Transportation's motion to dismiss after concluding, among other things, that new plaintiffs were unilaterally added without a court order.

1. Transportation's motion to dismiss this appeal is denied.

2. Under the facts of this case, we conclude that complete dismissal of the entire action was improper. Our law does state that "[a] court order is required to add or drop parties under OCGA § 9-11-21." *Young v. Rider*, 208 Ga. App. 147, 148 (1) (430 SE2d 117) (1993). See also *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983). And it is undisputed that El Chico Restaurants (El Chico) did not seek a court order in superior court granting permission to amend. El Chico, however, *did* seek permission in district court to accomplish this end, and in a detailed order, the district court found that the plaintiffs sought to be added were proper ones and expressly permitted the addition of parties. But, as discussed above, without giving El Chico an opportunity to file an amended complaint in federal court and effectuate actual amendment there, see *Carter v. Church*, 791 FSupp. 297, 298 (M.D. Ga. 1992), the district court simultaneously remanded the case to superior court after determining that addition of new defendants destroyed diversity. Had the district court foreseen that dismissal would occur on the grounds stated in the superior court's order, the district court might well have avoided this result by more explicitly stating its intention.[1]

But by whatever means the district court chose to address the motions presented to it, that court's intent is nevertheless clear: to permit El Chico to add parties in superior court. Indeed, the district court must have considered the complaint to be automatically amended by virtue of its conclusion that, after it granted the motion to add parties, it no longer had diversity jurisdiction. In effect, the

---

[1] For example, with the benefit of hindsight, it appears that the district court perhaps could have added parties in a more straightforward manner by granting the motion to add parties, giving plaintiffs an opportunity to file amended pleadings within a specified period of time, and then, once the addition of new parties destroyed diversity, remanding the case to superior court.

district court appears to have "deemed" the complaint amended. See *Carter*, supra at 298.

To construe the district court's order to uphold complete dismissal would frustrate the district court's intent; this would be tantamount to finding the district court's discussion concerning addition of parties to be mere surplusage and therefore meaningless. It is inconceivable that the district court could have intended such a result. Permission to add parties was required, and permission was given. The fact that the district court, and not the superior court, granted leave to add parties, does not nullify this permission. It is true, as argued by Transportation, that appellate courts of this state are "not bound by decisions of other states or federal courts except the United States Supreme Court." *Rodgers v. First Union Nat. Bank &c.*, 220 Ga. App. 821, 822 (470 SE2d 246) (1996). But this refers to the precedential value of opinions from foreign jurisdictions. While decisions of federal courts in general are not binding on state courts, *Rodgers* does not suggest that a state court may simply ignore the rulings of district courts made in the same case before remand to superior court.

We also recognize, as argued by Transportation, that one trial judge is not always necessarily bound by the rulings of another trial judge. See, e.g., *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 822-823 (318 SE2d 657) (1984). In *Bradley*, a successor trial judge reconsidered the previous order of another trial judge denying summary judgment, set aside the order, and granted summary judgment to the moving party. Id. at 822. Here, though, the superior court judge did not reconsider or set aside the district court's ruling but summarily ignored it. This practice is not authorized by cases such as *Bradley*.

The district court's order was valid until set aside. See generally *Howell Mill/Collier Assoc. v. Gonzales*, 186 Ga. App. 909, 910 (1) (368 SE2d 831) (1988). It was never set aside, and the superior court was therefore bound by it. In filing an amended complaint in superior court, plaintiffs were simply complying with a valid district court order. Accordingly, we conclude that the superior court erred in dismissing the complaint as to those parties for whom permission to add was given. This conclusion is consistent with the notion of fairness to the parties, because the intent of the district court's ruling is clear, because compliance with the former order serves the purpose of judicial economy, and most importantly, because effectuating the intent of the previous order avoids the inequitable result of dismissal on the hypertechnical basis that a party should have obtained from the superior court some type of "second permission" to amend. Dismissal is fundamentally unfair when permission to add parties was given by the district court and the parties acted consistently with the district court's ruling in filing an amended complaint.

We do not agree with Transportation that affirmance is required under *Strauss Fuchs Organization v. LaFitte Investments*, 177 Ga. App. 891 (341 SE2d 873) (1986) and *Southern Bell Tel. &c. Co. v. Perry*, 168 Ga. App. 387 (308 SE2d 848) (1983), which state the general rule that "[w]hen an action in a State court is removed to a Federal district court, the jurisdiction of the State court is suspended until the case is remanded to the State court, at which time the case resumes the status it occupied at the time of the removal." (Citation and punctuation omitted.) *Southern Bell* at 388; *Strauss Fuchs* at 893. Those cases are factually distinguished, as they address the effect on the "five-year rule"[2] of removal to district court and subsequent remand to superior court. They do not hold that a superior court may simply ignore the ruling of a federal court.

We also note Transportation's argument that the original complaint was void under OCGA § 14-2-1502 (a) and therefore not subject to amendment.[3] Indeed, a void suit cannot be amended. See *Roberts v. McCollum*, 215 Ga. 174, 175 (109 SE2d 744) (1959). But even assuming, without deciding, that El Chico Restaurants was not authorized to maintain this action under OCGA § 14-2-1502, we cannot agree that the action filed was void at its inception and therefore not subject to amendment. Even an action brought in the name of an improper party is amendable: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." OCGA § 9-11-17 (a).

Moreover, leave to amend was granted in federal court, where a defendant seeking to raise the defense of failure to obtain a certificate must do so in affirmative pleadings. Otherwise, that defense is waived. See *Morgan Guaranty Trust Co. &c. v. Blum*, 649 F2d 342 (5th Cir. 1981). Because this defense may be waived, it appears that an action brought without a certificate, while perhaps voidable, is not void. In sum, when the new parties were added in federal court, the action was properly pending under *Morgan*. Upon remand, the case therefore remained viable.

---

[2] The "five-year rule" places a duty on a plaintiff to obtain a written order of continuance or other written order during a five-year period "and to make sure the same is entered in the record. Dismissal is automatic on expiration of five years." (Citations and punctuation omitted.) *Southern Bell*, supra at 388.

[3] OCGA § 14-2-1502 (a) states that "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."

3. Although we hold that the trial court erred in dismissing the complaint in its entirety, that does not end our inquiry. The amended complaint as filed in superior court did not name the same parties plaintiff as did the proposed amended complaint considered by the district court. It appears from the amended complaint filed in superior court that some parties were dismissed while others were added, all without permission of either the district court or the superior court. The attempt to dismiss parties through an amended complaint was ineffectual because leave of court was required for dismissal. See generally *Graham v. Development Specialists*, 180 Ga. App. 758, 762 (350 SE2d 294) (1986) (normal practice permitting amendment of pleadings as matter of right has no application to class action); *Murphy v. Hope*, 229 Ga. 836, 837-838 (1) (195 SE2d 24) (1972). As previously noted, permission was required as well to add parties. *Young*, supra. To the extent that the amended complaint filed in superior court attempted to add parties for whom permission was not given by the district court, that addition was ineffectual, and the trial court's dismissal of those parties is affirmed. Only those parties for whom permission to add was given by the district court may maintain the action in superior court.[4]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 20, 1998

*Bell & James, John C. Bell, Jr., James L. Bentley III*, for appellant.

*Dye, Tucker, Everitt, Wheale & Long, Thomas W. Tucker*, for appellee.

---

[4] We make no ruling here as to whether the parties added by permission of the district court are capable of adequately representing the class; that issue is not presented in this appeal.