Dorinda CRAIG, Appellant,

v.

**MISSOURI DEPARTMENT OF HEALTH, et al.,** Respondents.

No. SC 84173.

Supreme Court of Missouri, En Banc.

June 25, 2002.

David J. Moen, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gail Vasterling, Assistant Attorney General, Jefferson City, for Respondent.

RONNIE L. WHITE, Judge.

Dorinda Craig brought suit against the Missouri Department of Health (MDH) alleging a violation of her rights under the Americans with Disabilities Act (ADA).[1] After a protracted procedural history, the case was dismissed by the circuit court. The judgment of the circuit court is reversed and the case is remanded.

## I.

Craig's original ADA suit was filed in Cole County in December 1997. The MDH removed the case to the United States District Court for the Western District. While the case was pending, the United States Court of Appeals for the Eighth Circuit issued its opinion in *Alsbrook v. City of Maumelle, Arkansas*[2] holding that, pursuant to the Eleventh Amendment, states are immune from ADA suits in federal court.[3] The federal court, upon motion and over objection, allowed Craig to amend her complaint to add three new defendants[4] and several new counts alleging violations of the Missouri Human Rights Act (MHRA),[5] the Rehabilitation Act (RA),[6] the Family and Medical Leave Act (FMLA),[7] and the Civil Rights Act (CRA).[8] The CRA claims were ultimately withdrawn, and the remaining federal claims were found to be barred by the Eleventh Amendment. Finding it lacked

---

1. 42 United States Code (U.S.C.) Section 12101, et seq.

2. 184 F.3d 999 (8th Cir.1999).

3. Id. at 1010.

4. Daryl Roberts, Bureau Chief of the Bureau of Environmental Epidemiology; Pamela Rice Walker, Division Director MDH; and Colleen Kivlahan, Director of the MDH.

5. Mo.Rev.Stat. Section 213.010, et seq. All Missouri statutory citations reference RSMo 1994 unless otherwise noted.

6. 29 U.S.C. section 794, et seq.

7. 29 U.S.C. section 2601, et seq.

8. 42 U.S.C. section 1983.

jurisdiction over the federal claims, the court declined to exercise supplemental jurisdiction over the state law MHRA claim. The case was remanded to state court.

After remand, the MDH filed an answer to Craig's second amended petition from the federal court and a motion for judgement on the pleadings. The trial court granted the motion and dismissed the case finding the State to be immune from the federal claims and finding the MHRA claim to be time barred pursuant to section 213.111.1. Subsequent to the dismissal, Craig filed a motion for a new trial or to set aside the judgment and a motion for leave to file a third amended petition. These motions were not ruled upon and were deemed overruled ninety days after the date of filing pursuant to Rule 78.06. Craig appealed. After opinion by the court of appeals, this Court granted transfer, jurisdiction pursuant to Mo. Const. article V, section 10.

## II.

■ "On appeal from the trial court's grant of Respondents' motion for judgment on the pleadings, we review the allegations of Appellants' petition to determine whether the facts pleaded therein are insufficient as a matter of law." [9] The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all the opposing party's well pleaded facts, and the motion is properly granted if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law.[10]

Craig maintains that the trial court erred for not granting her motion for a new trial or the motion to amend her petition because her second amended petition from the federal court remand, upon which the trial court relied, was not present in the state court file. Consequently, according to Craig, the judgment on the pleadings was not based on evidence in the record.

■ Since there is a dispute as to which pleadings were properly before the circuit court when it rendered its judgment, this Court must illuminate the procedural posture and status of the claims remanded from the federal district court. The federal court has jurisdiction to decide if it has jurisdiction over the claims filed by the petitioner.[11] When it granted Craig leave to amend, the federal district court was evaluating its jurisdiction over Craig's ADA claim in light of the *Alsbrook* decision after Craig's claim had been removed to federal court on the motion of the MDH.[12]

The MDH asserts that not only must the federal court remand a case removed from state court if it lacks subject matter jurisdiction,[13] but also that such a pending ruling on jurisdiction divests the court of jurisdiction to allow any party to amend his or her pleadings in any fashion.[14]

**9.** *State ex rel Nixon v. American Tobacco Co., Inc.* 34 S.W.3d 122, 134 (Mo. banc 2000).

**10.** *Id.*

**11.** *Manville Sales Corp. v. Paramount Systems, Inc.,* 917 F.2d 544, 555 (Fed.Cir.1990); *Birbeck v. Southern New England Production Credit Ass'n,* 606 F.Supp. 1030, 1036 (D.C.Conn.1985); *Vecchione v. Wohlgemuth,* 426 F.Supp. 1297, 1309 (E.D.Pa.1977); *Eisler v. Stritzler,* 535 F.2d 148, 152 (1st Cir.1976).

**12.** *Alsbrook,* 184 F.3d at 1010.

**13.** 28 U.S.C. section 1447(c); *KCPO Employees Credit Union v. Mitchell,* 421 F.Supp. 1327, 1328 (W.D.Mo.1976).

**14.** *Pullman Co. v. Jenkins* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064–1066 (9th Cir.1979); *Nichols v. Southeast Health Plan of Alabama, Inc.,* 859 F.Supp. 553, 559 (S.D.Ala.1993); *Hicks v.*

Thus, according to the MDH, Craig's second amended complaint was a nullity ab initio.[15]

■ There is no authority for this Court, however, to rule on the federal court's jurisdiction, and the federal court's decision with respect to its jurisdiction, and any other matter submitted for its determination, is exclusive and conclusive.[16] "We decline to set aside, amend or ignore the federal court proceedings and/or judgment."[17]

■ "The state court receives the case on remand from federal court removal in the posture it is in when remanded."[18] "Since the case, when remanded, was governed by the second amended complaint, that complaint was properly before the state trial court."[19] The MDH must have recognized this fact because it filed an answer to Craig's second amended petition, and the court must have accepted this posture as its order for judgment on the pleadings was specifically directed against plaintiff's second amended complaint. Even if Craig is correct in her belief that the second amended petition failed to be incorporated into the trial court's records, the "[f]ailure to refile a pleading after remand is not fatal to a state court ruling on the pleading."[20]

Having determined that the MHRA claims were properly before the circuit court, the Court must next determine whether or not those claims were appropriately dismissed. Craig was terminated on September 24, 1996, the last purported day the discrimination could have occurred, and the two-year statute of limitations in section 213.111.1 would have run on September 24, 1998. Craig argues that the relation back doctrine in Rule 55.33(c) applies and that her MHRA claims were timely because they relate back to the time of her filing her original ADA claim against the MDH. Craig also claims the trial court erred when dismissing her MHRA claim because the MDH prevented her from exercising her legal remedies by the proceedings it had initiated, thus entitling her to the litigation exception to the statute of limitations.[21]

The MDH asserts Craig's MHRA claim was correctly dismissed because she had not received leave of the circuit court to amend her pleadings to add a timely claim. The MDH also argues that even if she had been properly permitted to file the amend-

*Universal Housing, Inc.*, 792 F.Supp. 482, 484 (S.D.W.Va.1992).

15. *Strozewski v. City of Springfield*, 875 S.W.2d 905, 906 (Mo. banc 1994).

16. *Dale v. Hardy*, 835 S.W.2d 444, 447 (Mo. App. W.D.1992). See also See *St. Louis v. United Ry. Co.*, 263 Mo. 387, 174 S.W. 78, 85–87 (1914).

17. *Id.*

18. *Williams v. St. Joe Minerals Corp.*, 639 S.W.2d 192, 195 (Mo.App.1982).

19. *Id.*

20. *Id.* While not strictly applicable to this case, adherence to Rule 55.34, adopted April 27, 1999 and effective January 1, 2000, would have alleviated the confusion over which petition was before the circuit court. Rule 55.34(b) provides, "Within thirty days after the date of the order of remand, the plaintiff shall file a list of all documents filed in the federal court that are to be made a part of the state court file and shall provide a copy of each such document to the court. Within forty days after the date of the order of remand, any other party shall file a list of any other documents filed in the federal court that are to be made a part of the state court file and shall provide a copy of each such document to the court."

21. *Hill v. John Chezik Imports*, 797 S.W.2d 528, 530 (Mo.App.1990); *Follmer's Market, Inc. v. Comprehensive Accounting Service Co.*, 608 S.W.2d 457, 460 (Mo.App.1980).

ed complaint in the federal court, that complaint was filed in August of 1999— well beyond the two-year limitations period. As to the litigation exception doctrine, the MDH maintains that the exception is inapplicable because Craig provoked the proceedings and that she was not obstructed from filing her MHRA claims.[22]

■ An action filed under the MHRA "shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."[23] However, "[u]nder the relation back doctrine if 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.' "[24]

■ Craig's MHRA claims arose out of the same conduct as her original ADA claim. In all of Craig's petitions she alleged the same facts of being denied reasonable accommodations related to her disability and with being harassed and retaliated against for having filed an internal complaint concerning the alleged discrimination. Consequently, the relation back doctrine is applicable, and the date Craig's MHRA claims were added is wholly irrelevant. To the extent the amended complaint corrects the pleadings, the correction "relates back" to the original timely filing, December 5, 1997.[25]

### III.

■ "The trial court's judgment in a court-tried case may be reversed when it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law."[26] The circuit court erroneously applied the law when it dismissed Craig's MHRA claims as being time barred, and the MDH was not entitled to a judgment as a matter of law based upon the pleadings. The judgment of the circuit court is reversed and the case is remanded.

All concur.

---

**22.** *Id.* See also *Hartman v. Smith & Davis Mfg. Co.,* 904 F.Supp. 983 (E.D.Mo.1995).

**23.** Section 213.111.1.

**24.** *Bailey v. Innovative Management & Inv., Inc.,* 890 S.W.2d 648, 651 (Mo. banc 1994); Rule 55.33(c).

**25.** *Id.* Having held that Craig's MHRA claims were timely filed pursuant to Rule 55.33(c), the Court need not reach the issues concerning the litigation exception or the circuit court's ruling on Craig's motions for leave to file a third amended petition.

**26.** *Burkholder ex rel. Burkholder v. Burkholder,* 48 S.W.3d 596, 597 (Mo. banc 2001).