Merrimack
No. 2008-899

## The State of New Hampshire

v.

## Hess Corporation & a.

Argued: June 16, 2009
Opinion Issued: August 21, 2009

*Kelly A. Ayotte*, attorney general (*Mary Maloney*, assistant attorney general, on the brief), *Sher Leff, LLP*, of San Francisco, California (*Victor M. Sher* on the brief), and *Law Offices of Matthew F. Pawa, P.C.*, of Newton Centre, Massachusetts (*Matthew F. Pawa* and *Benjamin A. Krass* on the brief, and *Mr. Pawa* orally), for the State.

*Hoefle, Phoenix, Gormley & Roberts, P.A.*, of Portsmouth (*Stephen H. Roberts* on the brief and orally), and *Hunton & Williams LLP*, of Richmond, Virginia (*Joseph C. Kearfott* on the brief), for defendant Flint Hills Resources, LP.

*Maggiotto & Belobrow, PLLC*, of Concord (*Corey Belobrow* on the brief and orally), for defendant Western Refining Yorktown, Inc.

BRODERICK, C.J. This is an interlocutory appeal from an order of the Superior Court (*Mangones*, J.) granting the motion to dismiss filed by the defendants, Flint Hills Resources LP (Flint Hills) and Western Refining Yorktown, Inc. (Yorktown). *See* SUP. CT. R. 8. We affirm in part, reverse in part and remand.

We accept the statement of the case and facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary. *See In the Matter of Berg & Berg*, 152 N.H. 658, 659 (2005). The State brought this action against refiners and manufacturers that allegedly supplied New Hampshire with gasoline containing methyl tertiary butyl ether, commonly referred to as "MTBE," to recover damages purportedly caused by contamination of groundwater and surface waters in the state. The State originally brought this case in superior court. It was subsequently removed to federal court. After several judges recused themselves, the case was transferred to the United States District Court for the District of Rhode Island. Eventually, the case was transferred to the United States District Court for the Southern District of New York, where it became part of Multidistrict Litigation No. 1358. Thereafter, the State moved to remand the case to the New Hampshire Superior Court, contending that the federal court lacked subject matter jurisdiction. The motion was denied. *See In re Methyl Tertiary Butyl Ether Litigation*, 361 F. Supp. 2d 137 (S.D.N.Y. 2004), *vacated*, 488 F.3d 112 (2d Cir. 2007).

The proceedings in the multidistrict litigation included a case management order that established dates by which plaintiffs with pending cases could amend their complaints, as of right, to add additional defendants. The State's amended complaint was due by late October 2004. After the district court denied its motion to remand, the State sought court approval to amend its complaint to add parties without waiving its objection to the district court's exercise of subject matter jurisdiction. The motion was granted, and the State timely filed its first amended complaint naming Flint Hills and Yorktown as defendants. In November, the State served Flint Hills and Yorktown with the amended complaint in accordance with the Federal Rules of Civil Procedure. The State served Flint Hills by personally serving its in-house counsel at its corporate headquarters in Kansas. *See* FED. R. CIV. P. 4(h)(1)(B). Yorktown was served in a similar manner. *See id.*

Subsequently, the State sought interlocutory review of the federal district court's denial of its motion to remand. After granting review, the Second Circuit Court of Appeals vacated the district court's order and

remanded the matter to the superior court in New Hampshire. *See In re Methyl Tertiary Butyl Ether ("MTBE")*, 488 F.3d 112 (2d Cir. 2007). The State then notified the superior court of the remand order and the status of the federal court pleadings. Flint Hills and Yorktown moved to dismiss the claims against them on the basis that the superior court lacked personal jurisdiction over them because they were not served with the first amended complaint in accordance with New Hampshire statutes and, alternatively, that their contacts with the State were insufficient to support general or specific personal jurisdiction. The superior court granted their motions, ruling that the State's failure to effectuate proper service of process upon them in accordance with New Hampshire statutes deprived the court of personal jurisdiction. It did not, however, address their alternative argument that even if service of process was proper, their contacts in New Hampshire would not support either general or specific personal jurisdiction.

## I

The superior court subsequently transferred the following questions for our consideration:

1. Did the Superior Court err in concluding that service of process upon Flint Hills and Yorktown in accordance with the Federal Rules of Civil Procedure, pursuant to order and process of a federal court that lacked subject matter jurisdiction, was improper service for purposes of New Hampshire law once the case was remanded to state court and requires their dismissal?

2. Did the Superior Court err in concluding that Flint Hills and Yorktown must be dismissed, notwithstanding their actual notice of the lawsuit?

3. Did the Superior Court err in concluding that the First Amended Complaint filed in federal court "remains viable" because leave to amend and to add additional parties likely would have been granted by the Superior Court had the case not been removed to federal court?

We answer the first question in the affirmative, and hold that the trial court erred when it concluded that Flint Hills and Yorktown were not properly served. To the extent that the second question asks whether the superior court erred by dismissing Flint Hills and Yorktown solely on the ground that service was improper, it is a subsidiary question to the first question, and we answer it in the affirmative. Flint Hills and Yorktown should not have been dismissed on that ground because they were, in fact, properly served. To the extent that the second question asks whether Flint

Hills and Yorktown should be dismissed, nonetheless, because they lack sufficient contacts with New Hampshire, it asks us to determine an issue the superior court has not yet addressed, and we decline to answer it. We answer the third question in the negative, and hold that the trial court did not err in concluding that the first amended complaint remains viable. We, thus, affirm the trial court's decision in part and reverse it in part.

Although Flint Hills and Yorktown assert that the State is judicially estopped from arguing that the first amended complaint remains viable, they concede that the trial court did not certify judicial estoppel as an interlocutory appeal question. Because this issue is outside the scope of the interlocutory questions presented, we decline to address it. *See Everitt v. Gen. Elec. Co.*, 156 N.H. 202, 208 (2007).

## II

Flint Hills and Yorktown argue that the superior court lacked personal jurisdiction over them because they were never properly served with a valid writ. We first consider whether the first amended complaint was valid, and then consider whether Flint Hills and Yorktown were properly served with it.

## A

■ Flint Hills and Yorktown contend that the first amended complaint was invalid because the federal district court that originally allowed the State to amend its complaint lacked subject matter jurisdiction. They assert that all of the orders issued by that court before it concluded that it lacked subject matter jurisdiction, including its order allowing the State to amend, are null and void. Because the federal district court had no jurisdiction to take any action at all, they contend, the first amended complaint, which the State filed with court permission, is of no effect. According to the facts presented in the interlocutory appeal statement, however, the State could have filed its first amended complaint as of right. The State sought a court order only to preserve its objection to the federal court's exercise of subject matter jurisdiction. Because the State could have filed the amended complaint as of right, the fact that the federal court "allowed" the State to file it is immaterial. *See RMP Consulting Group, Inc. v. Datronic Rental Corp.*, No. 98-5062, 1999 WL 617690, at *4 (10th Cir. Aug. 16, 1999).

■ Moreover, even if the court order were material, after a case has been remanded for lack of subject matter jurisdiction, the effect to be given federal court orders is a matter of state policy. *See Ayres v. Wiswall*, 112 U.S. 187, 190-91 (1884); *Edward Hansen, Inc. v. Kearny P. O. Assoc.*, 399

A.2d 319, 321 (N.J. Super. Ct. Ch. Div. 1979); *Tracy Loan & Trust Co. v. Mutual Life Ins. Co.*, 7 P.2d 279, 281 (Utah 1932). While federal court orders made before remand are not binding upon a state court, the state court nonetheless has discretion to give them effect. *See Zacharias v. Whatman PLC*, 784 A.2d 741, 746 (N.J. Super. Ct. App. Div. 2001), *cert. denied*, 794 A.2d 183 (N.J. 2002); 77 C.J.S. *Removal of Cases* § 180 (2006).

■ Flint Hills and Yorktown assert that because federal appellate courts have ruled that orders issued by federal district courts without subject matter jurisdiction are of no effect, *see, e.g.*, *Homestead Ins. Co., Inc. v. Casden Co.*, 234 Fed. Appx. 434, 435 (9th Cir. 2007), we should similarly refuse to give effect to the federal district court order in this case. Unlike a federal appellate court, we have no authority to set aside the federal district court's determination that, notwithstanding the State's objection to subject matter jurisdiction, it had the jurisdiction to allow the State to amend its complaint. *See Craig v. Missouri Dept. of Health*, 80 S.W.3d 457, 460 (Mo. 2002). The federal court's decision with respect to its *own* jurisdiction is "exclusive and conclusive." *Id.*

■ Because the superior court's decision to adopt the federal court's order was discretionary, we review it under our unsustainable exercise of discretion standard. *See State v. Lambert*, 147 N.H. 295, 296 (2001). To prevail under this standard, Flint Hills and Yorktown must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of their case. *Id.* Flint Hills and Yorktown have failed to meet their burden. They argue only that the superior court could not, as a matter of law, give effect to the federal court order, a legal principle with which we disagree. Accordingly, we affirm the superior court's decision to adopt the federal district court's order allowing the State to amend its complaint.

B

■ To the extent that Flint Hills and Yorktown argue that the superior court also erred by accepting the first amended complaint because it was filed in federal court rather than in state court, we disagree. As with federal court orders, the effect to be given pleadings filed in federal court before a case is remanded is for state courts to determine. *Ayres*, 112 U.S. at 190-91; *Banks v. Allstate Indem. Co.*, 757 N.E.2d 776, 778 (Ohio Ct. App. 2001). Although state courts historically have refused to give such pleadings effect, *see Tracy Loan & Trust Co.*, 7 P.2d at 282, "[m]ore recently, state courts have given effect to pleadings filed in federal court prior to remand to state court." *Banks*, 757 N.E.2d at 778; *see, e.g.*, *Laguna Village v. Laborers Intern. Union*, 672 P.2d 882, 885-87 (Cal. 1983) (citing cases).

■ The older cases were decided when defendants acted at their peril by removing a case to federal court without protecting and preserving their rights under state rules of procedure. *Laguna Village*, 672 P.2d at 885; *see Citizens' Light, Power & Telephone Co. v. Usnik*, 194 P. 862, 863 (N.M. 1921); *Tracy Loan & Trust Co.*, 7 P.2d at 282. Since 1948, however, the federal removal statute has expressly prohibited any proceeding in state court after removal and before remand. *Laguna Village*, 672 P.2d at 885. Under modern federal practice, once the removal petition is filed, "the state court loses jurisdiction and all further process must issue from the Federal court." *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962); *see Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 667 (E.D. Va. 2004); *Laguna Village*, 672 P.2d at 885.

■ Several policy considerations support giving effect to pleadings filed in federal court before remand to state court. The first is judicial efficiency and economy. *Laguna Village*, 672 P.2d at 886. A state court's acceptance of federal pleadings in such circumstances "avoid[s] the needless waste of time, effort and expense which would result from requiring counsel to duplicate in [state] court their actions . . . in the federal court." *Hansen*, 399 A.2d at 323. The second is fairness: giving effect to a federal court pleading is not unfair to an opposing party when that party has been fully apprised of the federal court proceedings and of the remand to state court. *See Laguna Village*, 672 P.2d at 886. The third is the policy of avoiding forfeiture of claims and resolving them on the merits. *Id.*; *see Lewellyn v. Follansbee*, 94 N.H. 111, 114 (1946). The final policy is comity: "Most essentially, federal and state courts are complementary systems for administering justice in our Nation[;] [c]ooperation and comity, not competition and conflict are essential in the federal design." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999).

■ Giving effect to the first amended complaint furthers all of these policies. In particular, since being served with the first amended complaint, Flint Hills and Yorktown have been fully apprised of the federal court proceedings and of the remand to superior court. *See Laguna Village*, 672 P.2d at 886; *Hansen*, 399 A.2d at 323. Additionally, giving effect to the first amended complaint is consistent with our "strong policy in favor of adjudication of claims on their merits." *French v. R.S. Audley, Inc.*, 123 N.H. 476, 480 (1983).

Flint Hills and Yorktown urge us to reach a different result because the pleading at issue is an amended complaint that added them as defendants. Whether a state court should give effect to a complaint that was amended in federal court to add parties is a matter that is rarely litigated. Only a handful of cases address this issue, all of which support giving effect to the

first amended complaint in this case. *See El Chico Restaurants v. Transp. Ins. Co.*, 509 S.E.2d 681 (Ga. Ct. App. 1998), *aff'd on other grounds*, 524 S.E.2d 486 (Ga. 1999); *Craig*, 80 S.W.3d at 458, 460; *Hansen*, 399 A.2d at 323.

In *El Chico Restaurants*, the plaintiff originally filed a class action suit against several defendants in state court. *El Chico Restaurants*, 509 S.E.2d at 681. The case was later removed to federal court, where the plaintiff successfully sought to add additional parties and to serve an amended complaint. *Id.* at 681-82. Because the addition of defendants destroyed diversity, the federal court remanded the case to state court. *Id.* at 682. After remand, the plaintiff filed an amended class action complaint in state court. *Id.* One of the defendants moved to dismiss the amended complaint. *Id.* The state court granted the motion, which the appellate court affirmed in part and reversed in part. *Id.* at 682, 684.

Although Georgia law requires court permission before parties may be added, the appellate court ruled that the federal court's permission to add parties satisfied Georgia law. *Id.* at 682-83. The court viewed the federal court order allowing the amendment as valid, and concluded that the trial court could not simply ignore it. *Id.* at 683. Dismissing the complaint was, therefore, error. *Id.* As the court explained:

> This conclusion is consistent with the notion of fairness to the parties, because the intent of the [federal] court's ruling is clear, because compliance with the former order serves the purpose of judicial economy, and most importantly, because effectuating the intent of the previous order avoids the inequitable result of dismissal on the hypertechnical basis that a party should have obtained from the superior court some type of "second permission" to amend. Dismissal is fundamentally unfair when permission to add parties was given by the district court and the parties acted consistently with the [federal] court's ruling in filing an amended complaint.

*Id.*

The court in *Craig* likewise found to be valid a complaint that the plaintiff had amended to add parties pursuant to a federal court order. *Craig*, 80 S.W.3d at 460. The plaintiff in *Craig* originally filed suit in state court alleging a violation of her rights under a federal statute. *Id.* at 458. The defendant removed the case to federal court. *Id.* The federal court, upon motion and over objection, allowed the plaintiff to amend her complaint to add three new defendants and several new claims. *Id.* Thereafter, the federal court determined that it lacked subject matter jurisdiction and remanded the case to state court. *Id.* at 458-59.

After remand, the original defendant answered the amended complaint and moved for judgment on the pleadings. *Id.* at 459. The state court granted the motion and dismissed the case. *Id.* On appeal, the *Craig* court rejected the defendant's argument that "not only must the federal court remand a case removed from state court if it lacks subject matter jurisdiction, but also that such a pending ruling on jurisdiction divests the court of jurisdiction to allow any party to amend his or her pleadings in any fashion." *Id.* The court explained that the federal court had the exclusive authority to determine whether it had the jurisdiction to allow the plaintiff to amend her complaint, and that state courts could not set aside, amend or ignore this determination. *Id.* at 460. Thus, the court ruled, the state court had received the case on remand in precisely the same posture as it had existed in the federal court. *Id.* Because the case, when remanded, was governed by the amended complaint, that complaint was deemed to be properly before the state court. *Id.*

The *Hansen* court reached a similar conclusion, although for different reasons. The plaintiff had filed a state court action against a single defendant. *Hansen*, 399 A.2d at 320. The defendant removed the action to federal court before filing an answer. *Id.* Thereafter, the defendant answered the complaint and filed a counterclaim seeking relief against the plaintiff and additional parties. *Id.*

The case later was remanded for lack of diversity jurisdiction. *Id.* The parties disputed whether the state court should give effect to the pleadings filed in federal court. *Id.* For policy reasons, the *Hansen* court decided "the better rule favors giving continued effect to those pleadings." *Id.* at 323. Not only would adopting the pleadings avoid unnecessary duplication of effort, but it would also "result in [the state] court's renewing its jurisdiction with the case in exactly the same posture as when it was remanded from federal court." *Id.*

We find the reasoning of these cases persuasive, and, accordingly, hold that the trial court did not err when it concluded that the first amended complaint remained viable after remand.

## C

Having concluded that the first amended complaint is viable, we next consider whether it was properly served. Flint Hills and Yorktown argue that service was improper because it did not strictly comply with New Hampshire statutes governing service of process. For the purposes of this interlocutory appeal, we will assume, without deciding, that service did not comply with New Hampshire statutes.

Flint Hills and Yorktown assert that because "[p]roper service of process is a necessary prerequisite to obtaining jurisdiction over an out-of-state

defendant," and because they were never properly served, the superior court never obtained personal jurisdiction over them. *Estate of Lunt v. Gaylor*, 150 N.H. 96, 97 (2003) (quotation omitted). They rely upon a long line of New Hampshire cases in which we have held that "[s]trict compliance with the statutory requirements for service of process is required . . . to vest the trial court with jurisdiction over the defendant." *Nault v. Tirado*, 155 N.H. 449, 451 (2007).

None of the cases to which Flint Hills and Yorktown cite, however, involve a case that was remanded from federal court. The State contends that a different analysis applies in such a situation. It correctly maintains that because the case was in federal court when the first amended complaint was filed, the State had only to comply with the Federal Rules of Civil Procedure when serving it. *See* FED. R. CIV. P. 81(c)(1). The State argues that requiring it to re-serve Flint Hills and Yorktown now, after remand to superior court, would contravene New Hampshire's strong policy of deciding cases on their merits.

While we recognize that, generally, we have required strict compliance with New Hampshire's statutory requirements for service of process to obtain jurisdiction over a defendant, *see Nault*, 155 N.H. at 451, we find competing policy considerations more compelling under the unique circumstances of this case. *See Hansen*, 399 A.2d at 323. In reaching this conclusion, we rely upon the court's analysis in *Hansen*.

In *Hansen*, the court ruled that service under the federal rules was sufficient to vest the state court with personal jurisdiction over a defendant. *Hansen*, 399 A.2d at 322-23. The court reasoned that New Jersey law permits a variety of methods of service, reflecting the "determination that the only constitutional requirement for service of process is that notice be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 323 (quotation and brackets omitted); *see Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Absent any evidence that the surety's right to notice and an opportunity to be heard would suffer, the court concluded that re-service with state process was not required. *Hansen*, 399 A.2d at 323. Requiring re-service, the court reasoned, would not serve any real purpose and would "contravene the intent of our rules that technicalities be held to a minimum to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." *Id.* (quotation omitted).

We find this reasoning convincing. Here, as in *Hansen*, there is nothing to suggest that either Flint Hills or Yorktown would be deprived of its right

to notice and an opportunity to be heard if service under the federal rules is deemed sufficient. Requiring re-service in this case, as in *Hansen*, would conflict with our strong policy of deciding cases on their merits and of favoring substance over procedural form. *See Karch v. BayBank FSB*, 147 N.H. 525, 528 (2002); *French*, 123 N.H. at 480.

Because Flint Hills and Yorktown do not dispute that they were properly served pursuant to the Federal Rules of Civil Procedure while the case was pending in federal court, we hold that service was proper for the purposes of New Hampshire law. We, therefore, reverse the trial court's decision to dismiss Flint Hills and Yorktown on the ground that service was improper. We remand for further proceedings consistent with this opinion.

*Affirmed in part; reversed in part; remanded.*

DALIANIS, DUGGAN and HICKS, JJ., concurred.