NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Strafford
Case No. 2023-0451
Citation: State v. Clark, 2024 N.H. 64

THE STATE OF NEW HAMPSHIRE

v.

MATTHEW CLARK

Argued: February 13, 2024
Opinion Issued: November 13, 2024

John M. Formella, attorney general (Anthony J. Galdieri, solicitor general, on the brief and orally), for the State.

Becker Legal, PLLC, of Portsmouth (Leif A. Becker on the brief and orally), for the defendant.

BASSETT, J.

[¶1] In this interlocutory appeal, the defendant, Matthew Clark, challenges an order of the Superior Court (Howard, J.) denying his motion to suppress an audio recording made by the complainant without the defendant's consent. See Sup. Ct. R. 8. We conclude that suppression under RSA 570-A:6 (2001) is required only when there has been a felony violation of the Wiretapping and Eavesdropping Law, RSA chapter 570-A, and remand for

further proceedings consistent with this opinion. See RSA ch. 570-A (2001 & Supp. 2023).

[¶2] We accept the statement of the case and facts as presented in the interlocutory appeal statement and rely upon the suppression record for additional facts as necessary. See In the Matter of Liquidation of Home Ins. Co., 175 N.H. 363, 364 (2022). The defendant is charged with a felony count of criminal threatening with a deadly weapon. See RSA 631:4, II (2016). The complainant recorded a conversation between herself and the defendant in which the defendant made potentially incriminating statements regarding the alleged crime. The defendant was unaware that he was being recorded and did not consent to being recorded. The complainant later reported the incident giving rise to the charges to law enforcement, played the recording for the officers, and gave them a copy of it.

[¶3] The defendant moved to suppress the recording, arguing that it must be excluded because it was made without his consent in violation of RSA chapter 570-A. He asserted that RSA 570-A:6 prevents any recording made in violation of any provision of RSA chapter 570-A from being received as evidence at trial. The State objected.

[¶4] The trial court denied the defendant's motion to suppress. The trial court concluded that "disclosure of an unlawful recording is a violation of the [Wiretapping and Eavesdropping Law] only when the unlawful recording is a felony offense." See RSA 570-A:2, I (2001) (laying out conduct constituting felony violation). The trial court determined that here, because the complainant was a party to the communication, her interception of the communication constituted only a misdemeanor violation under RSA 570-A:2, I-a. See RSA 570-A:2, I-a (2001) (laying out conduct constituting misdemeanor violation); see also RSA 570-A:1, III (2001) (defining intercept as, in part, the recording of an oral communication). Accordingly, the trial court concluded that because the complainant's recording of the conversation constituted only a misdemeanor violation of the Wiretapping and Eavesdropping Law, "disclosure of that information would" not "be in violation of" RSA chapter 570-A. RSA 570-A:6. It therefore ruled that RSA 570-A:6 did not require suppression of the recording.

[¶5] The defendant moved for reconsideration, reasserting his argument that RSA 570-A:6 requires suppression whenever an oral communication has been intercepted in violation of any provision of RSA chapter 570-A. The trial court denied the defendant's motion and certified the following interlocutory questions to this court:

> [(1)] Whether the Trial Court erred as a matter of law when it failed to suppress the audio recording which was recorded in violation of RSA

2

570-A when the recording only represented a misdemeanor violation of RSA 570-A?

[(2)] Whether suppression of audio recordings that violate RSA 570-A is only appropriate when there is a felony violation of the statute?

After we accepted the interlocutory appeal, we granted the defendant's motion to add a third question: Whether the complainant's violation of RSA chapter 570-A rose to a felony violation of the chapter upon her disclosure of the recording to law enforcement.[1] We hold that suppression is required under RSA 570-A:6 only when the information sought to be entered into evidence is part of, or derived from, a communication intercepted in violation of the felony provision of the Wiretapping and Eavesdropping Law.

[¶6] When reviewing a trial court's ruling on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions de novo. State v. Minson, 173 N.H. 501, 504 (2020). Addressing the interlocutory questions presents an issue of statutory interpretation. When interpreting statutory language, we first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. State v. McLeod, 165 N.H. 42, 59-60 (2013). We interpret statutes in the context of the overall statutory scheme and not in isolation. Id. at 60. If the statute's language is clear and unambiguous, we do not look beyond the language of the statute to discern legislative intent. Id.

[¶7] We begin with the first and second questions. The defendant argues that both misdemeanor and felony violations of the Wiretapping and Eavesdropping Law require suppression under RSA 570-A:6 and, therefore, that the trial court erred when it failed to suppress the recording at issue in this case. We disagree.

[¶8] RSA 570-A:6 provides that:

Whenever any telecommunication or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial . . . before any court, [or] grand jury . . . if the disclosure of that information would be in violation of this chapter.

---

[1] To the extent the defendant's brief raises issues beyond the scope of these three interlocutory questions, we decline to address them. See State v. Hess Corp., 159 N.H. 256, 260 (2009).

RSA 570-A:6 (emphasis added).  The plain language of RSA 570-A:6 provides that no intercepted communication may be received in evidence if the disclosure of the communication violates the chapter.  See id.

[¶9] RSA 570-A:2, I, which lays out the elements of a felony offense, is the only provision of RSA chapter 570-A that prohibits disclosure of an intercepted communication.  See generally RSA ch. 570-A.  RSA 570-A:2, I, provides that:

> I.  A person is guilty of a class B felony if, except as otherwise specifically provided in this chapter or without the consent of all parties to the communication, the person:
>
> > (a)  Wilfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any telecommunication or oral communication; [or]
> >
> > . . .
> >
> > (c)  Wilfully discloses, or endeavors to disclose, to any other person the contents of any telecommunication or oral communication, knowing or having reason to know that the information was obtained through the interception of a telecommunication or oral communication in violation of this paragraph;
> >
> > . . . .

RSA 570-A:2, I (emphases added).  The prohibition on disclosure of intercepted communications contained in RSA 570-A:2, I, applies only to a communication intercepted in violation of "this paragraph," meaning the felony offense paragraph, RSA 570-A:2, I.  RSA 570-A:2, I(c) (emphasis added); see State v. Czekalski, 169 N.H. 732, 738-39 (2017) (holding that "this paragraph" in RSA chapter 570-A means the specific roman numeral paragraph in which the phrase appears).  Therefore, the interception of a communication must violate RSA 570-A:2, I, in order for the disclosure of that communication to constitute a violation of the chapter that would require suppression under RSA 570-A:6.

[¶10] The defendant argues to the contrary that the statute is ambiguous because the "limiting provision" contained in RSA 570-A:2, I-a, which sets out the elements of the misdemeanor offense, contradicts itself and that the "overall statutory scheme indicates the legislature's" intent that a one-party recording is always a felony that requires suppression.  We disagree.

4

[¶11] RSA 570-A:2, I-a provides that:

> A person is guilty of a misdemeanor if, except as otherwise specifically provided in this chapter or without consent of all parties to the communication, the person knowingly intercepts a telecommunication or oral communication <u>when the person is a party to the communication</u> or with the prior consent of one of the parties to the communication, but without the approval required by RSA 570-A:2, II(d).

RSA 570-A:2, I-a (emphasis added). When read in its entirety, RSA 570-A:2, I-a is neither ambiguous nor contradictory: in the absence of certain enumerated circumstances, it is a misdemeanor for a person to knowingly engage in one-party recording.[2] <u>See</u> RSA 570-A:2, II (Supp. 2023) (listing circumstances under which it is lawful to intercept a communication without the consent of all parties). When RSA 570-A:2, I-a is read in conjunction with the felony provision, it is clear that the legislature's intent is for a one-party recording where a person knowingly intercepted a communication to be a misdemeanor violation, not a felony. RSA 570-A:2, I-a specifically classifies the knowing one-party interception of a communication as a misdemeanor. <u>See</u> RSA 570-A:2, I-a. By contrast, RSA 570-A:2, I, requires a willful <u>mens</u> <u>rea</u> in order for a one-party interception of a communication to be a felony. RSA 570-A:2, I; <u>see also</u> <u>State v. Mueller</u>, 166 N.H. 65, 68-69 (2014) (stating that misdemeanor and felony violations of RSA chapter 570-A require proof of different mental states). We therefore reject the defendant's statutory construction argument that all one-party interceptions are felonies, and that suppression is required.

[¶12] Finally, the defendant also argues that, even if the trial court correctly interpreted the relevant provisions of the Wiretapping and Eavesdropping Law, the trial court erred in how it applied the relevant provisions to the facts of this case. The defendant argues that the trial court erred when it determined that the complainant's recording of the conversation constituted a misdemeanor violation and when it "fail[ed] to recognize that" the subsequent disclosure of the one-party recording to the police constituted a felony violation of the Wiretapping and Eavesdropping Law. <u>See</u> RSA 570-A:2, I(c). Given that the defendant did not raise this argument in the trial court and we have clarified that a one-party recording of a communication can be either a misdemeanor or a felony depending upon the person's mental state, we conclude that a remand is necessary to allow the trial court to address this issue in the first instance. <u>See</u> <u>State v. Girard</u>, 173 N.H. 619, 630 (2020)

---

[2] A one-party recording is made by a party to the communication "without consent of all parties to the communication." RSA 570-A:2, I-a; <u>see also</u> <u>State v. MacMillan</u>, 152 N.H. 67, 68, 72-73 (2005) (describing detective's preservation of internet private messages he was a party to without the knowledge of the other party as a "one-party interception").

5

(remanding for trial court to consider issue after we clarified applicable law on appeal).

[¶13] In sum, we hold that suppression of a communication under RSA 570-A:6 is required only when the interception of the communication is a felony violation of the Wiretapping and Eavesdropping Law. We remand to the trial court for further proceedings consistent with this opinion.

<u>Remanded</u>.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.